### NATHAN GILPATRICK *versus* WILSON P. HUNTER & *al.*

If the plaintiff, during the pendency of an action of trespass in his favor against several persons for a joint trespass, committed upon his person and property, receives of one of them a sum of money, and gives a receipt therefor " in full of said L's trespass, where he and Wilson P. Hunter, (another defendant) were in company, together with others ;" this operates as a discharge of the other joint trespassers, and the action can no longer be maintained against either of them.

EXCEPTIONS from the Middle District Court, REDINGTON J. presiding.

Trespass for breaking the plaintiff's wagon, tearing his clothes, and injuring his person. The suit was commenced against the present defendants and Seth Leonard. A brief statement alleged, that the demand was fully paid and satisfied, and the action discharged. At the trial the defendants offered in evidence a receipt signed by the defendant, in these words. "Lisbon, December 20, 1841. This day received of Seth Leonard five dollars in full for a trespass and damage done me on the road from Bath to Topsham, which damage of trespass is now in suit pending at the Middle District Court next to be holden at Wiscasset ; the said five dollars in full of said Leonard's trespass where he and Wilson P. Hunter was in company, together with others.        Nathan Gilpatrick.

"Attest, James M. Rogers."

The counsel for the defendants insisted, that the receipt operated as a discharge of all the defendants. The presiding Judge ruled, that the receipt operated as a discharge of Seth Leonard alone, and not of his co-trespassers; and would only diminish the damages by that sum. The plaintiff then discontinued his action against Leonard, and proceeded against the others. A verdict was returned for the plaintiff, and the defendant filed exceptions.

*E. B. Bowman,* for the defendants, submitted the action on his part, on the following citation of authorities. 5 Dane, c. 146, a. 7, § 21, 22; *Kiffin* v. *Willis,* 4 Mod. 379; *Briggs v. Greenfield,* 8 Mod. 217; Co. Lit. 232; 5 Bac. Abr. 204; Hammond's N. P. 72; Hobart, 66; Com. Dig. Trespass, A. 1; Story on Partnership, 260.

*S. Moody,* for the plaintiff, submitted the case, with the single remark, that the rulings of the Judge of the District Court, to which the defendants except, was in accordance with the principles of law and equity.

The opinion of the Court was by

Shepley J. — The plaintiff commenced an action of trespass against the defendants and Seth Leonard, for a joint trespass committed upon his person and property. He afterward received of Leonard five dollars "in full of said Leonard's trespass, where he and Wilson P. Hunter were in company, together with others." The question presented is, whether this operated to discharge the other joint trespassers.

In a joint trespass, or tort, each is considered as sanctioning the acts of all the others, thereby making them his own. Each is therefore liable for the whole damage, as occasioned by himself, and it may be recovered by a suit against him alone. There can be no separate estimate of the injury committed by each and a recovery accordingly. *Brown* v. *Allen,* 4 Esp. R. 158; *Wynne* v. *Anderson,* 3 C. & P. 596.

The difficulty in maintaining the suit against the others is, that the law considers, that the one, who has paid for the injury occasioned by him, and has been discharged, committed

the whole trespass and occasioned the whole injury, and that he has therefore satisfied the plaintiff for the whole injury, which he received. Co. Litt. 232; Com. Dig. Pleader, 3 M. 12; Hobart, 66; *Kiffin* v. *Willis,* 4 Mod. 379.

The plaintiff by his own act appears to have precluded himself from a recovery against the defendants.

<div align="right">

*Exceptions sustained,*

*and a new trial granted.*