## OSCAR L. AMERICAN *et al.*

*v.*

## JOSEPH RIMPERT.

1. BURDEN OF PROOF — *matters set up in plea of accord and satisfaction.* Where the defendant pleaded to a declaration that he and his wife assigned to one of the plaintiffs the wife's interest and share in the estate of her

deceased father, which was taken and accepted in full satisfaction of the notes sued on : *Held,* that the burden of proof was on the defendant to show the fact of the assignment as averred in the plea. Proof of the giving of a power of attorney to receive such estate will not be sufficient.

2. Accord and satisfaction. In a suit where accord and satisfaction was pleaded, the court instructed the jury, that " accord and satisfaction is an agreement between a creditor and his debtor by which the creditor agrees to take and receive *nothing* from his debtor in lieu and satisfaction of his claim :" *Held,* that the instruction was erroneous.

3. An instruction on an issue of accord and satisfaction, besides being based upon facts not proved, used the word " excepted " instead of " accepted " in reference to the act of the plaintiff, but failed to submit whether the thing given was delivered and accepted *in satisfaction* of his debt: *Held,* that it was erroneous.

4. Instruction — *must be based on evidence.* Where there is no evidence tending to prove a certain fact, it is erroneous to give an instruction to the jury based upon the existence of such fact.

Appeal from the Circuit Court of Cook county; the Hon. John G. Rogers, Judge, presiding.

Appellants sued appellee in the Cook circuit court upon two promissory notes made by the latter to them. One note dated October 28, 1867, for $1,104.27, payable to appellants in one month from date, with interest at ten per cent per annum after maturity. The other, dated December 11, 1867, payable as above, one day after date, for $90.12, interest as above. Appellee, besides the general issue and plea of payment, filed a plea of accord and satisfaction, alleging that after maturity of notes, before suit, and February 1, 1868, defendant's wife having a large sum of money, to wit, $3,000, coming to her from her father's estate, it was agreed by and between plaintiff, O. L. American, and defendant, that the latter and his wife should make an assignment of said claim of the wife to said American, in full satisfaction of said notes, and the latter would accept and receive such assignment in full satisfaction thereof ; averring the making and acceptance of such assignment in full satisfaction. Appellants took issue upon the other pleas, and replied, traversing the matters

set up in said plea of accord and satisfaction ; upon these issues the case was tried. The evidence on behalf of appellee simply tended to show that he and his wife executed a power of attorney of some kind in respect to the claim of the wife in her father's estate, but failed to show to whom it was given. There was no evidence showing or tending to show that an assignment of the claim was made to American ; though there was evidence on behalf of appellee, tending to prove admissions by American, that the notes had been settled, but which he denied. The court, on behalf of appellee, instructed the jury as follows :

1. "The jury are instructed by the court that the only issue before them is the question of settlement between the plaintiffs and the defendant, or, accord and satisfaction as set forth by the defendant in his second plea. Accord and satisfaction is an agreement between a creditor and his debtor, by which the creditor agrees to take and receive nothing from his debtor in lieu and satisfaction of his claim. If the property or thing to be given by the debtor to the creditor is received and accepted by the latter in settlement of his claim, it has the effect of payment, and extinguishes his claim. Any thing valuable may be given by the debtor to the creditor, whether specific property or goods, or choses in action, or a transfer of claims or rights belonging to the debtor. A transfer or assignment of property or rights belonging to the wife of the debtor, is valid in law, and sufficient to pay a debt of the husband.

2. "Therefore, if the jury believe, from the evidence, that in the month of May, 1868, or at any time since the maturity of the notes declared on in this case, the defendant and Oscar L. American, one of the plaintiffs in this case, agreed upon a settlement by which the defendant Rimpert and his wife were to assign and transfer to said Oscar L. American a certain claim of inheritance belonging to the wife of the defendant, and if they further believe, from the evidence, that this basis of settlement was carried out by the parties—that is to say, that the defendant and his wife executed an assignment and transfer of

said claim, and that the same was delivered to and excepted by said Oscar L. American, then they will find for the defendant."

The jury found the issues for the defendant, and the court, overruling plaintiffs' motion for a new trial, gave judgment upon the verdict, and the latter, preserving the evidence and rulings of the court by bill of exceptions, appealed to this court.

Messrs. GRANT & SWIFT, for the appellants.

Mr. JOSEPH PFIRSHING, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

We have carefully examined the evidence in this record. To our minds it wholly fails to sustain appellee's plea of accord and satisfaction. The gist of it was, that appellee's wife, having an interest or money coming to her from her deceased father's estate in Germany, of an indeterminate amount, it was agreed between American, one of the appellants, and appellee, that the latter and his wife should assign that claim to American, and he should accept it in full satisfaction of the notes sued; the plea averring, that such assignment was made, and that American accepted and received such assignment in full satisfaction of the notes. It appears that some instrument in writing was executed in respect to this claim in Germany, and the court permitted appellee's counsel, against the objections of appellants, to give secondary evidence of the contents of this instrument, without showing any notice to appellants to produce it, or otherwise laying a proper foundation for such secondary evidence. But even that evidence only tends to show that the instrument was a mere power of attorney. This claim of money in Germany belonged exclusively to appellee's wife, and not to him. If it was not assigned over to American by the instrument in writing, of whose real contents we can gather no knowledge from this record, then there is no evidence that it was ever assigned at all. The

burden of proof was upon appellee to show the fact of assignment as averred in his plea. This he failed to do.

Error is assigned upon the giving instructions for appellee. The first and second are clearly erroneous. The first contains this proposition: "Accord and satisfaction is an agreement between a creditor and his debtor, by which the creditor agrees to take and receive *nothing* from his debtor in lieu and satisfaction of his claim." There may have been some mistake in making the transcript. If there was, appellee's counsel should have attended to its correction. We are bound to take the record as importing absolute verity. The second instruction is erroneous upon two grounds: (1) there was no evidence of an assignment on which to base it; (2) if the word *accepted* had been used in place of "excepted," it would still have been faulty in omitting the hypothesis that the assignment was accepted by American in satisfaction of appellants' debt.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*