## ABEL GOSS *vs.* WILLARD R. ELLISON.

Suffolk.   Jan. 18. — Feb. 28, 1884.   C. ALLEN & HOLMES, JJ., absent.

A written instrument, given to one of two joint tortfeasors, and reciting the receipt from him of a certain sum "as full payment, as per claim," is a bar to an action against the other tortfeasor; and oral evidence is inadmissible to show that the sum paid was intended to be received as part, and not as full payment.

MORTON, C. J.   This is an action of tort for the conversion of a horse.   The plaintiff's evidence clearly shows that he let the horse to one Ruggles and the defendant jointly, and that they jointly converted it.   It is an established rule that a release of one of several joint tortfeasors discharges all.   *Stone* v. *Dickinson*, 5 Allen, 29.   *Brown* v. *Cambridge*, 3 Allen, 474.

It appeared at the trial, that the plaintiff claimed as his damages $225; that he received of Ruggles one half of this amount, partly in money and partly in a promissory note, and gave therefor a writing of the following tenor: " Received of Mr. Elmer Ruggles a note on six months for fifty-one dollars, with interest, as full payment, as per claim."   If this could be treated merely as a receipt, it might be open for the plaintiff to show by parol that it was not intended as full payment and satisfaction of his claim against Ruggles.   But it is more than a receipt.   It is not only an acknowledgment of the receipt of Ruggles's note for fifty-one dollars, but it is a statement of what the note was received for.   It was received " as full payment " for the plaintiff's claim against Ruggles.   If the plaintiff should sue Ruggles, this contract would be a bar to the suit, because it is conclusive evidence of a settlement and satisfaction of the claim against him.   It is not open to the plaintiff to contradict the writing, by parol testimony that the sum paid was intended as part, and not as full payment.   The case cannot be distinguished from *Brown* v. *Cambridge, ubi supra;* and the Superior Court rightly ruled that the action could not be maintained.

*Exceptions overruled.*

*E. B. Callender*, for the plaintiff.
*E. M. Bigelow*, for the defendant.