## L. H. CHAPIN
### v.
## C. & E. I. R. R. Co.

1. RELEASE—JOINT TORT.—In case of a collision of trains of two railroad companies where plaintiff was injured and had a right of action against either company. *Held*, that whether he could have maintained a joint action or not, a release to one discharged both.

2. PLEADING.—Where special pleas to which a demurrer was overruled and which remained unanswered presented a bar to the whole action and would, if sustained by the evidence, have defeated a recovery, it can not be assigned for error that the court rendered judgment for defendant with plea of general issue on file.

Error to the Circuit Court of Vermilion county; the Hon. J. W. Wilkin, Judge, presiding. Opinion filed December 4, 1885.

Mr. W. H. Barnes, for plaintiff in error; that both could not be sued jointly, cited Yeazel v. Alexander, 58 Ill. 262; Portenheimer v. Van Orden, 20 Barb. 479; Westgate v. Carr, 43 Ill. 454; Dolman v. Barber, 1 Scam. 254; Olsen v. Upsahl, 69 Ill. 274; Gray v. Tobeas, 17 Wend. 562; Russell v. Fordman, 2 Conn. 206; Adams v. Heals, 22 Vt. 9; Buddington v. Shearer, 10 Pick. 477; Lynch v. Nurdin, 4 P. & D. 672; W., etc., R. R. Co. v. Shacklett, 105 Ill. 367; Thorogood v. Bryan, 8 C. B. 131; Lockhart v. Lichtenthaler, 46 Pa. St. 151; Robinson v. N. Y. Cent. R. R. Co., 66 N. Y. 11; Colegrove v. N. H. Ry. Co. & H. R. Co., 20 N. Y. 492.

Mr. William Armstrong, for appellee; cited Cooley on Torts, 133, 140; W. St. L. & P. R. R. Co. v. Shacklett, 105 Ill. 364.

Conger, J. The declaration in this case alleges that on May 1, 1880, the defendant company had a switch which crossed the Wabash, etc., company's track a mile or two east of Danville, so situated that by reason of a curve on the Wabash track, buildings, etc., the crossing of the switch was not visible from the engine of a Wabash train running west toward the crossing, until within 300 feet of it; that the Wabash trains did not stop when approaching the crossing, but ran over it at full speed. This had been done for months, and the custom was well known to the employes of the defendant company. That on the day alleged the employes of defendant were backing up grade a long freight train over that crossing, at the moment a regular passenger of the Wabash was due. The Wabash train ran into defendant's freight train and was wrecked. Plaintiff was a passenger on the Wabash, and by the collision was injured. To this declaration there were filed eight pleas. The first, the general issue. The second, third and fourth all

substantially the same, setting up as a defense to the action, a release executed by plaintiff to the Wabash company for the injury complained of, as follows:

Wabash, St. Louis & Pacific Railway Co.
Dr.  To

L. H. Chapin,

Jacksonville, Ill.

| | |
|---|---:|
| Physician's bill | $125.00 |
| Wastage of bedding and clothes | 15.00 |
| Drug line | 10.95 |
| Regular nurse | 140.00 |
| Additional nurses | 30.00 |
| Loss of time and salary | 770.00 |
| Amount | $1,090.95 |

Charge to 1880.

Loss and damage.

Injuries to persons.

I hereby agree to accept and do accept of the Wabash, St. Louis and Pacific Railway Co., the sum of ten hundred and ninety 95-100 dollars as evidenced by my signature to the receipt annexed in full satisfaction of all claims for damages that I now have or may hereafter have against said company, on account of personal injuries received by me, by reason of the Wabash, St. Louis and Pacific Railway Co.'s train No. 5 colliding with train of Chicago and Eastern Illinois R. R. at crossing about one and one-half miles east of Danville, Illinois, Ohio and Ind. Div. on the line of the Wabash, St. Louis & Pacific Railway, on or about the 20th day of April, A. D. 1880. And also in full of all claims whatsoever for loss or damage to personal property in consequence of said accident. And it is hereby further expressly agreed that in case suit has been instituted for said claim, said suit shall be dismissed at the cost of L. H. Chapin, and said company forever discharged from all liability, growing out of said injury.

Received St. Louis Aug. 9, 1880, of the Wabash, St. Louis & Pacific Railway Co., the sum of $1,090 95-100 in full for the above settlement as per agreement recited.

L. H. CHAPIN.    [SEAL.]

The 5th, 6th, 7th and 8th pleas set out that the collision occurred within the limits of Germantown, and that the Wabash train was running faster than the ordinances permitted, failed to ring the bell and failed to stop at the crossing, etc.

Issue joined on plea of general issue and demurrer to the others, which demurrer was by the trial court overruled, and such decision is assigned for error, together with the decision of the court rendering judgment against plaintiff, with issue joined upon the first plea.

Some objection is made to the form of the special pleas in that they are repugnant, containing contradictory matters and tender an immaterial issue.

We think the objection not well taken. The principal question arising upon the record, is, did the release executed to the Wabash company have the effect of discharging the defendant company from all liability to the plaintiff.

It is conceded that the action in this case is brought to recover for the same injury for which settlement has been made with the Wabash company, but it is insisted that the two companies were not joint tort feasors, were therefore not jointly liable, and that the release of one does not have the effect of discharging the other from liability to the plaintiff. Whether they were joint tort feasors or not, we do not deem it important in the view we take of the case, to decide. It is enough if they were both liable for the same injury.

"It is an ancient doctrine that a release to one joint trespasser, or a satisfaction from him, discharges the whole. The same doctrine applies to all joint torts, and to torts for which the injured party has an election to sue one or more parties severally. When, for example, a master is liable for the tort of his servant, a satisfaction from one discharges both, though they can not be sued jointly. If it were not so, a party having a claim against several persons on account of a single tort might sue one and settle the suit, receiving damages; he might then sue another and settle in the same way, and repeat the proceeding as to all but one, and then sue him and recover the whole damage, as if nothing had been paid by the others. A door would thus be opened to a class of specula-

tions that do not deserve encouragement. The rule of law which makes one satisfaction or release a bar to further claims for the same tort is founded in good reason." Brown v. City of Cambridge, 3 Allen, 474.

It is insisted with great earnestness that the case of W. St. L. & P. Ry. Co. v. Shacklett, Adm., 105 Ill. 364, does not hold that the two companies in that case were liable in a joint action for the injury occasioned by that collision.

This may be conceded, but that case very clearly announces the doctrine that both companies were liable and an action would lie against either. And we think it is ample authority for saying, that plaintiff, in this case, had a right of action against either company for the injury he received, whether he could have maintained a joint action or not. If this be so, then a release to one discharges both. This case is unlike those cited by counsel for plaintiff in error, where cattle of different owners trespass at the same time. In such case, there is not only a several and distinct trespass, but a several and distinct result flowing therefrom, while in the case at bar, the immediate and direct cause of the injury to the plaintiff was the wreck of the train upon which he was riding ; although in tracing back for the original cause it is found in the negligence of both companies. Hence, both would be liable, and whether jointly or severally is not important.

In the recent case of Liddy v. Barney, Mass. Sup. Court, reported in Northeastern Rep. Vol. 2, No. 1, page 107, the court go much further and hold that, "The rule that a release of a cause of action to one of several persons liable operates as a release to all, applies to a release given to one, against whom a claim is made, although he may not be in fact liable. The validity and effect of a release of a cause of action do not depend upon the validity of a cause of action. If the claim is made against one and is released, all who may be liable are discharged, whether the one released was liable or not." Citing Brown v. Cambridge, *supra*, and Goss v. Ellison, 136 Mass. 503.

The third assignment of error questions the correctness of the court in rendering judgment for defendant with plea of

general issue on file. In this there was no error. The special pleas, to which a demurrer was overruled, and which remained unanswered, presented a bar to the whole action, and would, if sustained by the evidence, have defeated a recovery; and in such case the judgment of the court was proper. Ward v. Stout, 32 Ill. 399; Mt. Carbon & C. R. R. Co. v. Andrews, 53 Ill. 176.

Perceiving no error in the record the judgment of the circuit court will be affirmed.

Affirmed.