### John McDavitt v. Charnock B. McNay.

1. BURDEN OF PROOF—*On Claim of Payment.*—Where a defendant pleads the payment of a sum in full satisfaction of plaintiff's claim, the burden is upon him to prove it.

2. NEW TRIALS—*Diligence in Discovering Evidence.*—Where it does not appear from the affidavits read upon a motion for a new trial what diligence was exercised after the trial to procure the newly-discovered evidence, so the court can determine whether or not the same diligence could have been exercised before the trial, a new trial will be refused.

Assumpsit, for work and services. Trial in the Circuit Court of Edgar County; the Hon. HENRY VAN SELLAR, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

GEO. A. VAN DYKE, attorney for appellant.

C. B. McNAY, attorney for appellee.

MR. PRESIDING JUSTICE GLENN delivered the opinion of the court.

This is an action in assumpsit brought by appellee against appellant to recover for services rendered as an attorney. The case was tried by the court with the intervention of a

McDavitt v. McNay.

jury.  A verdict was rendered by the jury finding the issues for appellee, assessing his damages at $135.  Upon a motion for a new trial being overruled judgment was entered upon the verdict.

It was claimed by appellee on the trial that appellant was indebted to him in the sum of $135.  He had assisted in the trial of two cases brought against appellant by one Boyer—one for slander, and the other was an action for malicious prosecution—and for these services he charged appellant $200; appellee admitted that he had received $15 at one time and $50 at another.  It stands uncontradicted in the record that the fees charged by appellee were those usually charged for like services, and were reasonable.

The appellant claims, when he paid the $50 to appellee it was in full satisfaction of what he owed him.  Upon this contention the burden of proof rested on appellant, and the record shows that in this he failed.  In his own testimony he says, " I wrote him a check for it and supposed it was settled."  Appellee testifies positively it was not paid or received in settlement of what appellant owed him.  Appellant insists the court erred in overruling his motion for a new trial on the grounds of newly-discovered evidence.  In support of this ground for a new trial he filed his own affidavit, stating that since the trial he had found the check with which the $50 payment was made, and at the time of trial he remembered having given the check, but did not remember it contained the words, " For fees in full."  He testified on the trial to the fact that the check was given in settlement, as he supposed, and to its substance, but does not intimate that it was lost, or that he was unable to find it.  The evidence furnished by this receipt is merely cumulative.  Wisconsin R. R. Co. v. Ross, 142 Ill. 9.

It does not appeal from the affidavit what diligence was exercised after the trial to find the check, so the court could determine whether or not the same diligence could have been exercised before the trial.

From the appellant's own affidavit it is a clear case of forgetfulness from which there is no escape.

Judgment of the Circuit Court is affirmed.