|173   249|
·|179   ²494|

## HUBBARD v. ST. LOUIS & MERAMEC RIVER RAILROAD COMPANY, Appellant.

### Division One, March 18, 1903.

1. **Jury: VERDICT BY NINE: CONSTITUTIONALITY.** The constitutionality of the constitutional amendment permitting nine jurors to find a verdict in a civil case, is again declared, on the authority of Gabbert v. Railroad, 171 Mo. 84.

2. **Torts: RELEASE OF ONE JOINT TORTFEASOR: DAMAGES FOR PERSONAL INJURIES: FELLOW-SERVANTS.** Plaintiff was employed by an express company to deliver packages and released it in full satisfaction for any personal injuries received by him by reason of a collision between the express wagon and a street car. *Held*, that he can not afterwards recover from the street car company damages for such injuries. And whether such company is mentioned in the release or not, and whether such express company was in fact liable to him or not, and whether if otherwise liable, he could not recover because he and the driver of the wagon were fellow-servants, will not in any wise prevent his release from operating as a discharge of not only the street railroad company, but of all joint tortfeasors; for his injury being single, he is entitled to but one satisfaction; and the law presumes that the one who paid committed the trespass and occasioned the whole injury.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher,* Judge.

REVERSED.

*McKeighan & Watts,* and *Robert A. Holland, Jr.,* for appellant.

(1) The court erred in refusing to give, at the close of the plaintiff's evidence, and at the close of all the evidence, the instruction in the nature of a demurrer, asked by the defendant and refused by the court. Said instruction should have been given because the evidence shows that the plaintiff had received from the American Express Company $46.61 in full satisfaction of all injuries sustained on said occasion, and had executed to said company a written release and discharge in consideration of said amount. A release of two or more joint tortfeasors is a release of all. Barrett v. Railroad, 45 N. Y. 629; Leddy v. Barry, 139 Mass. 349; Goss v. Ellison, 136 Mass. 503; Tompkins v. Railroad, 66 Cal. 163; Seither v. Railroad, 125 Pa. 397; Metz v. Soule, Metsinger & Co., 40 Ia. 236; Gilpatrick v. Hunter, 24 Mass. 18; Chicago v. Babcock, 143 Ill. 359; Newcomb v. Railroad, 169 Mo. 409. (2) The court erred in instructing the jury, at the instance of plaintiff, that nine of their number could render a verdict. Said instruction was given on the theory that the jury amendment of 1900 was legally passed, and that said amendment was constitutional. Our contention is that it was not legally submitted to the people, and that even if it had been, it is void because in violation of the fourteenth amendment of the Constitution of the United States. State v. Powell, 77 Miss. 543; State v. Trimme, 54 Wis. 318; Livermore v. Waite, 102 Cal. 113; In re Senate File 31, 25 Neb. 864; Hatch v. Stoneman, 66 Cal. 864; Jameson on Conventions, sec. 538-547; Edwards v. Lesueur, 132 Mo. 410; Vaughn v. Scade, 30 Mo. 600; Morrison v. Railroad, 96 Mo. 602; State v. Chambers, 70 Mo. 675; State v. Thurston, 92 Mo. 327.

*Wilfley & Wilfley* for respondent.

(1) The demurrer to the evidence should not have been sustained on the ground that the collision in question was due to the negligence on the part of the driver of the wagon in which plaintiff was riding. For even if the driver had been negligent, his negligence can not be imputed to plaintiff in this case, since the driver was not in the employ or under the control of the plaintiff. Dickson v. Railroad, 104 Mo. 504; Becke v. Railroad, 102 Mo. 544; Profit v. Railroad, 91 Mo. App. 369; Munger v. Sedalia, 66 Mo. App. 630; Little v. Hackett, 116 U. S. 366; Railroad v. Markens, 14 L. R. A. 281; O'Rourke v. Railroad, 142 Mo. 352. (2) The demurrer to the evidence should not have been sustained on the ground that the "release of two or more joint tortfeasors is the release of all." The court held properly that the American Express Company was not a joint tortfeasor, for the reason that the plaintiff and the driver of the express wagon were fellow-servants, and even if the driver was negligent, plaintiff had no case against the American Express Company on account of the fellow-servant law. Card v. Eddy, 129 Mo. 518; Hawk v. McLeod Lumber Co., 166 Mo. 129; McCarty v. Rood Hotel Co., 144 Mo. 397; Miller v. Railroad, 109 Mo. 361; Relyea v. Railroad, 112 Mo. 86; Railroad v. Morranda, 108 Ill. 576. (3) The release of one who is not a tortfeasor will not bar a recovery against others who are. Bridge Co. v. Hall, 125 Ind. 224; Turner v. Hitchcock, 20 Iowa 315; Wilson v. Reed, 3 Johns. 175; Harding v. Townshed, 43 Vt. 536; Monticello v. Mollison, 58 U. S. (17 How.) 152; Arnett v. Railroad, 64 Mo. App. 373. (4) But even if defendant and the American Express Company were joint tortfeasors, the release of the one does not release the other, unless there is satisfaction. Nothing less than full satisfaction operates as a discharge. Arnett v. Railroad, 64 Mo. App. 373; Elliot v. Porter, 5 Dana 300; Cooley on

Torts, 133; Snow v. Chandler, 10 N. H. 95; Eastman v. Grant, 34 Vt. 387; Sloan v. Herrick, 49 Vt. 327; Lovejoy v. Murrey, 3 Wall. 1; Page v. Freeman, 19 Mo. 421; Livingston v. Bishop, 1 Johns. 290. (5) And where there has not been a full accord and satisfaction, the tendency of the courts is to construe the transaction into a covenant not to sue rather than a release. Arnett v. Railroad, 64 Mo. App. 373; Bloss v. Plymale, 3 W. Va. 409; Lyon v. Nelson, 38 N. J. L. 360; Frink v. Green, 5 Barb. 455; Snow v. Chandler, 3 N. H. 92; Ellis v. Esson, 50 Wis. 138; Rowley v. Stoddard, 7 Johns. 270.

MARSHALL, J.—This is an action for damages, for personal injuries, sustained by the plaintiff on May 5, 1900, at the corner of Eleventh and Locust streets, in St. Louis, in consequence of a collision between the defendant's car and a wagon of the American Express Company on which the plaintiff was riding, and by which company the plaintiff and the driver of the wagon were employed, their duties being to collect and deliver express packages. The negligence charged is running the car at a rapid and reckless rate of speed, and failure to keep a vigilant watch for persons or vehicles approaching the track. The answer is a general denial, a plea of contributory negligence, and a plea that the plaintiff had been paid in full for his injuries by the express company and had executed a release to said company, which also released the defendant. The reply is a general denial.

The facts developed on the trial are:

That the plaintiff and one Henry Vollinger were employed by the express company, Vollinger as the driver, and the plaintiff as a helper, to collect and deliver express matter. At the time of the accident, the plaintiff was seated in the rear of the wagon. The wagon was going southwardly on Eleventh street, at a slow trot. When the driver approached the defend-

ant's track he looked west and saw no car. He then looked east, and saw a car approaching. According to the plaintiff's witnesses, the car was then seventy-five feet east of the east side of Eleventh street; and according to the testimony of the defendant's motorman in charge of the car, the car was about forty feet east of the east side of Eleventh street. According to the plaintiff's evidence, the car was running between twelve and fifteen miles an hour, while according to the defendant's testimony it was running only seven or eight miles an hour. According to the plaintiff's testimony, when the driver of the wagon saw the car approaching, he at once guided his horses towards the west, hurried them up and used every possible effort to get across the track before the car reached the crossing, but failed; the wagon was struck by the car, and the plaintiff was thrown out and injured. According to the defendant's evidence, when the motorman discovered the wagon approaching the track, he slackened the speed of the car and at the same time the driver of the wagon slackened the speed of his horses, and finally stopped them when close up to the track. By that time the car was within fifteen feet of the east side of Eleventh street. When the motorman saw that the wagon had stopped, he released the brakes, applied the power and started forward. At about the same time the driver of the wagon started his horses and tried to cross the track. The result was a collision. The motorman himself testified in favor of the plaintiff and said that when he saw the wagon approaching the track, he at once attempted to slacken the speed of said car, but that he lost his head, and instead of turning off the power he turned it on at full force, and that the car struck the wagon when it was turned on at full force and the brakes off, that the car ran about two car-lengths after the collision, before it was stopped, and that after the collision another motorman was put in charge of the car. The evidence

showed that the gong was sounded on the car several times between Tenth and Eleventh streets.

The defendant offered in evidence the release that plaintiff gave to the express company, and showed the payments to him by the company of the amount therein specified, which was as follows:

"Received of the American Express Company, forty-six dollars and sixty-one cents, and in consideration of the payment of said sum, I, Henry A. Hubbard, of St. Louis, State of Missouri, hereby remise, release and forever discharge the said American Express Company by reason of any matter, cause or thing whatever, whether the same arose upon contract or upon tort, and especially from all claim which I now have, or may hereafter have, arising in any manner whatever, either directly or indirectly, in whole or in part, from or on account of personal injuries sustained by me on or about May 5, 1900, in collision of street car with wagon of said American Express Company, near the corner of Eleventh and Locust streets, in the city of St. Louis, State of Missouri. In testimony whereof, I have hereunto set my hand and seal this twenty-ninth day of June, A. D. 1900," etc.

At the close of the whole case the defendant asked a peremptory instruction to the jury to find for the defendant, which the court refused to give, and this is the principal error complained of. There was a verdict for one thousand dollars, and the defendant appealed. This court has jurisdiction because the constitutionality of the amendment allowing nine jurors to find a verdict is challenged. Of this, however, it is only necessary to say that the amendment has been declared constitutional by this court, in Gabbert v. Railroad, 171 Mo. 84.

## I.

The defendant contends that the release of the express company releases this defendant also.

·The undoubted rule of law is that a release of one of two joint tortfeasors releases the other.   [Barrett v. Railroad, 45 N. Y. 628; Leddy v. Barney, 139 Mass. 394; Goss v. Ellison, 136 Mass. 503; Tompkins v. Railroad, 66 Cal. 163; Seither v. Traction Co., 125 Pa. St. 397; Metz v. Soule, 40 Iowa 236; Gilpatrick v. Hunter, 24 Me. 18.]

And, "if a claim is made against one and released, all who may be liable are discharged whether the one released was liable or not." [Leddy v. Barney, 139 Mass. 394.]   "The compromise of the asserted claim does not necessarily involve an admission on the part of him against whom the claim is asserted, that the claim is well founded. . . . But the other party should not be allowed to deny that he had any right to the money, the payment of which he had induced under pain of a prosecution of an action already commenced. He should not be permitted to assert with any beneficial result to himself, 'I pursued the defendant *falso clamore*, and I took his money by way of settlement of a pending action in which I never could have recovered.' " [Tompkins v. Railroad, 66 Cal. 163.]

The plaintiff's contention in this case that he could never have recovered against the express company, because he and the driver of the wagon were fellow-servants, can not avail him. . For his injuries were single. He was entitled to only a single compensation.   He has received a compensation, satisfactory to himself from the express company and he released that company.   He is not entitled to any other satisfaction, and the defendant is released.

The case of Leddy v. Barney, 139 Mass. 394, is very analogous.   There the plaintiff was injured through the negligence of the superintendent under whom he was working.   He compromised with their common master and released him and then sued the superintendent and it was held that the release of the one released the other.

The same result has been held to follow where it was agreed between the plaintiff and one of the tortfeasors that the amount received from him was to be regarded as only a part and not a full payment. [Goss v. Ellison, 136 Mass. 503.] And also where the plaintiff agreed not to prosecute the one but to press his suit against the other and if he received from such other more than the amount he had received by way of compromise he was to reimburse the one for the amount he had recovered from him, and keep only the excess. [Seither v. Traction Co., 125 Pa. St. 397.]

Tortfeasors are jointly and separately liable whether they acted in concert or independently. [Newcomb v. Railroad, 169 Mo. 409.] But when the injured party voluntarily accepts a sum satisfactory to himself in compensation for the injury and releases the one so paying the same, all the other tortfeasors who might have been otherwise held liable are released also. It does not lie in the mouth of such a plaintiff to say he had no cause of action against the one who paid him for his injuries, for the law presumes that the one who paid committed the trespass and occasioned the whole injury. [Gilpatrick v. Hunter, 24 Me. 18; Seither v. Traction Co., supra; Tompkins v. Railroad, supra; Metz v. Soule, supra.]

It follows that the circuit court erred in refusing to give the peremptory instruction asked, and that the plaintiff is not entitled to any judgment against the defendant. The judgment of the circuit court is therefore reversed. All concur.