George P. Wallner, Appellee, v. Chicago Consolidated Traction Company, Appellant.

### Gen. No. 14,581.

1. ACCORD AND SATISFACTION—*burden of proof.* The burden to prove an accord and satisfaction or a release is upon the party alleging it.

2. TORTS—*when joint tort-feasor not discharged.* While a release of one tort-feasor operates to the benefit of all, yet, *held,* under the evidence in this case, that no release of one joint tort-feasor was established.

Wallner v. Chicago Consolidated Traction Co., 150 Ill. App. 242.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed October 7, 1909.

JOHN A. ROSE and FRANK L. KRIETE, for appellant; W. W. GURLEY, of counsel.

JAMES G. CONDON and THOMAS J. CONDON, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

Plaintiff brought his suit against appellant, the Chicago, Milwakee & St. Paul Railroad Company, and the Chicago Electric Company, and declared against them jointly. The action arose out of personal injuries suffered by plaintiff while he was a passenger on a street car owned and operated by appellant. The injuries received by plaintiff were the result of a collision between a train of the defendant, the Chicago, Milwaukee & St. Paul Railroad Company, and the car of appellant, upon which plaintiff was a passenger, at the intersection of the tracks of the railroad company and those of appellant at Irving Park Boulevard. The declaration was filed August 21, 1905, and charged that the accident to plaintiff occurred through the joint and concurring negligence of all three defendants. On September 19, 1905, appellant and the Electric Company filed separate pleas of the general issue. The Chicago, Milwaukee & St. Paul Railroad Company did not plead, but on October 13, 1905, on the motion of attorney for plaintiff, the papers and proceedings were all amended by discontinuing the suit as to the railroad company. The cause thereafter proceeded to trial, with a jury, against appellant and its remaining co-defendant, until discontinued as to its co-defendant. The jury returned a verdict against appellant, assessing plaintiff's damages in the sum of $6750, upon which the trial judge entered judgment after overruling motions for a new trial and in arrest of judg-

244　Appellate Courts of Illinois.

Wallner v. Chicago Consolidated Traction Co., 150 Ill. App. 242.

ment. Subsequently, by agreement of counsel for all the remaining parties, the cause was discontinued as to the defendant Chicago Electric Transit Company *nunc pro tunc* as of December 18, 1907, the day following the impaneling of the jury which sat in the trial of the cause. This order was entered to remedy the misprison of the clerk in failing to enter of record such order of dismissal on December 18, 1907, when the motion to dismiss was made by counsel and granted by the court. From the judgment so rendered against it, defendant appeals.

There is but one question argued, and one contention made, by appellant. It is, that the court erred in not allowing appellant's motion to instruct a verdict in its favor, because it appears, it is contended, from the testimony of plaintiff, that a settlement of the cause of action was had with the former defendant, the Chicago, Milwaukee & St. Paul Railroad Company, subsequent to the commencement of the suit, by its payment of $1,000 to plaintiff; that the cause of action being released against it operated in law to release appellant as a joint *tort-feasor* with the railroad company, in the same tort alleged against both in the declaration as originally filed. It is further contended that plaintiff released the cause of action as to the railroad company, and that the evidence shows an accord and satisfaction with it.

We concede that the law stated in the quotation from Chicago v. Babcock, 143 Ill. 358, viz: "A release to one of several joint *tort-feasors* is a release to all, and an accord and satisfaction with one of them is a bar to an action against the others", is a correct exposition of the legal principle on that subject. The other authorities cited in appellant's brief are in harmony with this statement of the law. If the testimony of plaintiff on this point is susceptible of the construction claimed for it by appellant's counsel, then the cause of action is released and plaintiff has no further claim upon appellant. The testimony on this subject is brief. We here quote it in full, as set forth in appellant's

argument, so that there may be no misunderstanding about what it is. It was brought out on the cross-examination of plaintiff, and is as follows:

"Q. You have received from the railroad company a thousand dollars on account of this accident, haven't you?

A. I believe so.

Q. On account of your injury?

A. Yes sir.

Q. So you don't have any claims against it now?

A. No sir. * * * I made this arrangement—got the money from the St. Paul Road about October of last year.

Q. They were sued jointly with the street car company in this case? When you started the suit you started it against both of them?

Mr. Condon: When I started it?

A. Yes, sir.

Mr. Baily: When your lawyer started it. Yes, that is the better way to put it?

A. Yes, sir".

We think this evidence falls far short of proving either an actual release of the claim or an accord and satisfaction in relation to it. The burden of proving such release or accord and satisfaction is upon appellant in the first instance. It is an affirmative defense. The only words in the testimony characterizing the purpose for which the money was received by plaintiff from the railroad company, is that he received it "on account" of his injury. These words cannot be distorted by the court into meaning, by way of interpretation, that the claim was released, that the money received on account of the injury was in settlement for that injury, and that so receiving was an accord and satisfaction of the whole matter, which in law released the claim for the wrong done plaintiff. To so hold would do violence to the plain meaning of ordinary language which in itself is susceptible of no such interpretation. How can it be said that a payment on account of a claim is in settlement of it?

Counsel for appellant refrained from putting to plaintiff the direct question of whether he had settled for the injury or released his claim. If appellant has, by failing to procure direct proof on this point, left the matter in doubt, then it has not fulfilled that requirement of the law which casts the burden upon it to make affirmative proof that the claim has been released. McDavitt v. McNay, 78 Ill. App. 396; American v. Rimpert, 75 Ill. 228.

The fallacy of the contention of appellant rests in the assumption that the payment by the railroad company was a full settlement, and that the claim was consequently released against all the joint *tort-feasors*, and that the evidence of plaintiff so proves. The Babcock case *supra* does not support appellant's contention, for in that case one of the parties against whom suit was brought was dismissed out of the case on payment of a sum of money. Notwithstanding this, a judgment against the remaining defendant, the city, was sustained. It is the law that the discontinuance of an action against one of several joint *tort-feasors* is no bar to the action against the others. In Goss v. Ellison, 136 Mass. 503, Ennis v. Pullman Palace Car Co., 165 Ill. 161, and Chapin v. C. & E. I. R. R. Co., 18 Ill. App. 47, there were written receipts which recited a satisfaction of the several claims for which the money was in each case received. This case is much the same in fact and principle as West Chicago Street Ry. Co. v. Piper, 165 Ill. 325, in which the suit was commenced against the street car company and a "carette" company, the latter of which was dismissed out of the case on payment of $100, and in affirming a judgment obtained against the remaining defendant the court say: "Here no release was established, nor was there any evidence of accord and satisfaction. It was not enough for the defendant to prove merely a dismissal of the suit against the other *tort-feasors,* but in order to make the defense availing it was required to go further and show a release of the other *tort-feasors*. As this was not done, the evidence ad-

mitted against defendant's objection could do it no harm."

In C. & E. I. Ry. Co. v. Hines, 82 Ill. App. 488, Hines sued for a personal injury sustained while a passenger of a street car company, in whose employ he was as a motorman. He received money from the car company for the loss of time, expenses, etc., and $500 beside. The railroad company insisted that such payment operated in law as a settlement in full, and that no recovery at all could be had against it; but the court in sustaining a recovery said: "It does not appear nor is it claimed that appellee executed any release. The evidence relied on is insufficient to establish the defense of accord and satisfaction". Wagner v. Union Stock Yards & Transit Co., 41 *ibid.* 408; Brennan v. Electric Installation Co., 120 *ibid.* 461.

So in the case at bar; no release appears in the record, and the evidence falls far short of sustaining such an inference of accord and satisfaction which, under the settled principles of law, would constitute a release of the claim and justify an instructed verdict in favor of appellant. Furthermore, whether plaintiff had settled his claim with the railroad company, was a question of fact for the jury. They have found contrary to appellant's contention, and we see no reason justifying us in disagreeing with the conclusion to which the jury arrived.

No complaint is made involving the rulings of the trial judge in the admission or rejection of evidence, or in the instructions given to the jury. Neither is the amount of the damages awarded challenged as excessive.

Finding no reversible error in this record, the judg-- ment of the Circuit Court is affirmed.

*Affirmed.*