STATE OF MISSOURI at the relation of JOHN CARAKER, BUD CARAKER, EDGAR CARAKER; and JOHN CARAKER and BUD CARAKER, a Copartnership Doing Business Under the Name and Style of SOUTH SPRIGG STREET GARAGE, Relators, v. WM. DEE BECKER, SIMON G. NIPPER and GEORGE F. HAID, Judges of the St. Louis Court of Appeals.—62 S. W. (2d) 899.

Division One, August 3, 1933.

*Harry C. Blanton* and *Russell L. Dearmont* for relators.

*Hines & Hines* and *Ward & Reeves* for respondents.

FERGUSON, C.—This is an original proceeding in certiorari. In making a brief preliminary statement of the facts and history of the case out of which the proceeding arises we draw upon the opinion of the St. Louis Court of Appeals (Clifton v. Caraker (Mo. App.), 50 S. W. (2d) 758) a certain portion of which relators contend contravenes previous rulings of this court.

One Roscoe Clifton was riding as a guest in an automobile truck owned by Linus Penzel. The truck was being driven by an employee of Penzel and was traveling along a highway, from Cape Girardeau, westwardly, toward Jackson when in meeting and passing an automobile truck owned by relators, which was traveling eastwardly, "the back part" of relators' truck "ran into and against the left side of the Penzel truck" and Clifton was injured, his left hand and arm being "mashed," resulting in the "loss of his left arm."

Clifton brought an action in the Circuit Court of Cape Girardeau County, for damages, on account of the injuries sustained, wherein the owners of the two trucks, Penzel and John, Bud and Edgar Caraker, the relators herein, were made defendants. Penzel answered, filing a general denial. "A short time after the filing of Penzel's answer the plaintiff filed an amended petition in which he omitted Penzel as a defendant and also omitted therefrom the charges of negligence which were in the original petition against Penzel." The amended petition alleged that the "injuries and damages" sustained were caused "by negligence" of the defendants, Carakers. Relators' answer to the amended petition was a general denial followed by averments that plaintiff's injuries were caused solely by his own negligence and that of the driver of the Penzel truck and that "plaintiff had made a settlement with Linus Penzel whereby plaintiff had been paid 'a sum of money in settlement of his injuries' which settlement is a bar to plaintiff's action." "The reply admitted a settlement with Penzel but denied it was a settlement of 'the whole case' and that by such settlement plaintiff had released said Linus Penzel only as he was authorized to do under Section 3268, Revised Statutes 1929." That part of said section here involved reads:

. "It shall be lawful for all persons having a claim or cause of action against two or more joint tort-feasors or wrongdoers to compound, settle with, and discharge any and every one or more of said joint tort-feasors or wrongdoers for such sum as such person or persons may see fit, and to release him or them from all further liability to such person or persons for such tort or wrong, without impairing the right of such person or persons to demand and collect the balance of said claim or cause of action from the other joint tort-feasors or wrongdoers against whom such person or persons has such claim or cause of action, and not so released."

The settlement referred to was a written stipulation signed by at-

torneys for plaintiff and defendant, respectively. Same was filed in the Circuit Court of Cape Girardeau County in the cause then pending upon the original petition and was introduced in evidence in the trial had upon the amended petition. The stipulation, omitting caption and signatures is as follows:

"All the matters and things in controversy between plaintiff and defendant Linus Penzel in the above entitled cause having been adjusted, compromised and finally settled, it is hereby stipulated and agreed by and between the plaintiff and defendant Linus Penzel that this cause be dismissed as to defendant Linus Penzel, with prejudice to any other or future action by plaintiff against defendant Linus Penzel on account of matters and things set forth in plaintiff's petition, and that by agreement of defendant Linus Penzel pay costs in the sum of $2.80."

At the trial of the cause upon the amended petition defendants demurred at the close of the evidence and requested the court to direct a verdict for them on the ground that "it appeared from the written settlement agreement between Linus Penzel and plaintiff which was introduced in evidence, that plaintiff had therein settled his entire cause of action and therefore these present defendants, being but alleged joint tort-feasors with Penzel, were thereby released." The demurrer was overruled. Verdict and judgment were for plaintiff in the sum of $4,233.34 and defendants' appeal went to the St. Louis Court of Appeals. The opinion of the Court of Appeals (citation supra) rules against defendants' contention as to the construction and effect of the written stipulation or release but reverses the judgment and remands the cause on account of error in certain of plaintiff's given instructions. The opinion sets out Section 3268, supra, and it is then said:

"This section abolished the common-law rule that the release of one or more tort-feasors discharged the others. [Start v. Newspaper Assn. (Mo. App.), 222 S. W. 870.] Under this section the release of one tort-feasor does not release others as a matter of law, unless the release is in full of all claims arising out of the injury, thus constituting settlement in full of the cause of action. [Knoles v. Telephone Co., 218 Mo. App. 235, 265 S. W. 1005; Burton v. Joyce (Mo. App.), 22 S. W. (2d) 890.]

"The settlement agreement in question reads as follows (here the stipulation, supra, is set out):

"We are satisfied from a reading of the settlement that it cannot be construed that the parties thereto had compromised and settled either the 'entire claim' or 'the cause of action,' or 'for all of the injuries sustained,' but that the parties thereto finally settled 'all matters and things in controversy between the plaintiff and defendant, Linus Penzel, in the above entitled cause,' and that 'the cause be dismissed as to the defendant, Linus Penzel.' It is a separate

settlement and release of the defendant Penzel from all further liability to plaintiff for said tort and does not impair plaintiff's right to demand and collect the balance of his cause of action from the defendants, joint tort-feasors herein.

"Our ruling here is not inconsistent with the cases cited by appellants in support of their contention upon the point in question. Appellants cite eight cases, five of which are no longer authoritative, in that they arose prior to March 23, 1915, when the present statute, Section 3268, Revised Statutes of Missouri 1929, was enacted. Of the remaining three cases, that of Abbott v. City of Senath (Mo. Sup.), 243 S. W. 641, is distinguishable on facts because there the settlement with one of the joint tort-feasors was 'in full of all demands from injuries received by the falling of the awning.' The court held that the written acknowledgment given by Abbott was not a mere receipt; that it in fact was a release; its interpretation, like that of any other written instrument, was for the court and not the jury, and properly construed that the plaintiff's cause of action had been discharged by said release before the institution of the suit. . . . And the remaining case of Neal v. Curtis (Mo. Sup.), 41 S. W. (2d) 543, is not in point as there was no construction of any release contract had therein.

"Accordingly, in light of Section 3268, Revised Statutes of Missouri 1929, we rule that the release settlement between plaintiff and Linus Penzel did not release the defendants, joint tort-feasors, herein as a matter of law, since said release was not in full of all claims arising out of the injuries, and therefore did not constitute settlement in full of plaintiff's cause of action. [Burton v. Joyce, supra; Knoles v. Telephone Co., supra; Jamison v. Kansas City, 223 Mo. App. 684, 17 S. W. (2d) 621.] Accordingly, defendants' demurrer as to this point was well ruled."

Relators contend that the foregoing portion of the Court of Appeals opinion is "contrary to a prior controlling decision of this court upon similar facts so that the judgment of respondents should be quashed as it is contrary to the following decisions of this court holding that full settlement by one tort-feasor releases all tort-feasors. [Abbott v. City of Senath, 243 S. W. 641; Dulaney v. Buffum, 73 S. W. 125, 173 Mo. 1; Hubbard v. Rwy., 173 Mo. 249, 72 S. W. 1073; Chicago Herald Company v. Bryan, 195 Mo. 574, 92 S. W. 902.]"

While our statute authorized a creditor "of two or more debtors, joint or several, to compound with" one or more of his debtors "for such sum as he may see fit" and "release him or them from all further liability to him for such indebtedness, without impairing his right to demand and collect the balance of such indebtedness from the other debtor or debtors thereof and not so released" (Now Sec. 2961, R. S. 1929) yet prior to the enactment, in 1915 (Session Acts

1915, p. 268) of what is now Section 3268, quoted supra, the common-law rule prevailed as to torts and the release of one joint tort-feasor released all the joint tort-feasors from liability.

Dulaney v. Buffum, supra, was decided in 1902, thirteen years before the enactment of Section 3268. In that case the court followed and applied the common-law rule to the effect that the release of one joint tort-feasor operated to release all the joint tort-feasors. The opinion points out, that the action is one "sounding in tort;" that "the rules of the common-law in actions of this character" have not been altered or changed by statute; that the statute, supra, relating to the release by a creditor of one or more joint debtors does not apply to an action in which "the parties are charged with a tort, and as joint tort-feasors" and that "the common law is applicable." It is said: "The receipt or release recites 'the sum of $750, the same being in full settlement and satisfaction of all claims and demands in our favor, or in favor of either of us, on account of the matters and things set up or referred to in the petition in the above-entitled suit.' This, under the rules of the common law, was a full satisfaction of the injury, and would operate as a complete bar as to all the joint tort-feasors." The opinion also recognizes the unquestioned rule, in the statement that, "when the plaintiffs acknowledge full satisfaction of all injuries complained of in the petition, any effort to reserve a cause of action against those jointly liable will not prevent the operation of the bar as to those not included in the release."

The gist of the decision in the Hubbard case in 1903, is found in this excerpt: "The undoubted rule of law is that a release of one of two joint tort-feasors releases the other" (citing cases), and the case of Chicago Herald Co. v. Bryan, supra, decided in 1906, adheres to this common-law rule.

We come now to the Abbott case, supra, decided in 1922, after the enactment of what is now Section 3268. "Abbott was injured while walking along one of the streets of the city of Senath by the falling of an awning upon him." The awning which extended over the sidewalk was constructed of wood, and supported and attached to the front of a building by iron posts. The building was owned by the Senter Commission Company. "The evidence tended to show that the awning was caused to fall" by the accumulation of snow and ice thereon over a period of more than a month. Following the injury "Abbott received from the Senter Commission Company the sum of $500" and gave the following receipt therefor:

"$500.00. Senath, Missouri, March 11, 1918. "Received of Senter Commission Company, St. Louis, Missouri, five hundred dollars in full of all demands, from injury received by the falling of awning in front of their brick building, occupied by Petty Store Company, located in Senath, Missouri, on or about the 16th day of January, 1918. C. H. ABBOTT."

Afterwards Abbott instituted an action "against the City of Senath to recover full compensation for the injuries sustained by reason of the awning having fallen upon him. The petition counted on negligence on the part of the city in permitting the accumulated snow and ice to remain on the awning." As an affirmative defense the city relied upon the release, supra, pleading that Abbott had received, accepted and acknowledged "full satisfaction and discharge of the cause of action set forth in the petition." Discussing and ruling the receipt which the court says, "embodied what was in fact a release," the opinion says:

"It is a just and well-established doctrine that there shall be but one satisfaction accorded for the same wrong. . . . If several persons are guilty in common of the tort, the injured one has his right of action for damages against each and all of the joint tortfeasors, and may at his election sue them individually or together. But if he receive full satisfaction from one of them, his right of action against the other is thereby extinguished." Section 3268 is then set out and as to the effect thereof the opinion holds: "This statute was evidently intended to abrogate the rule at common law that a release of one joint tort-feasor operates as a discharge of the other joint tort-feasor. But it was not designed to affect, and does not affect, the principle that there can be but one satisfaction for the same wrong. The question then is: Did Abbott accept from the Senter Commission Company $500 as full satisfaction for his injury? And the answer to that question is to be sought in the written acknowledgment he made to the company at the time. . . . The document recites that—Abbott received the money 'in full of all demands from (for) injury by the falling of awning in front of their (the company's) brick building.' . . . Its interpretation, like that of any other written instrument, was for the court, and not the jury. Properly construed, it showed that plaintiff's cause of action had been discharged before the institution of the suit." Referring to the language of the release the opinion says: "It plainly states that the money was received by him *in full payment of all demands for his injury*" and "the recital in general terms that the money was received in full of all demands for his injury, without any limitations or reservations whatever, clearly indicates that Abbott considered that he had effected a complete settlement and that he was thereby acknowledging, and intending to acknowledge, satisfaction in full of his cause of action."

Recurring to that portion of the Court of Appeals opinion in question here, and which we have quoted supra, we find no rule of law therein promulgated which contravenes or impugns the rules or principles of law announced by the foregoing decisions of this court which relators have cited and to which we have referred. The opinion recognizes and follows the pronouncement of the Abbott case,

the last prior decision of this court cited by relators, that while Section 3268 abrogates the common-law rule that the release of one joint tort-feasor operates as a discharge of the other joint tort-feasors yet if the injured party accept and acknowledge full satisfaction for his injuries from one joint tort-feasor, so as to constitute satisfaction in full of the cause of action, such satisfaction will operate as a release of all other joint tort-feasors and that where in such case a written release is interposed as a bar its construction and interpretation, "like that of any other instrument," is for the court.

■ Applying the rules announced by this court the Court of Appeals construed the language and effect of the written stipulation offered in evidence in the case and held that said instrument did not operate, as a matter of law, as a release and satisfaction in full for the injuries sustained and did not impair "the right" of plaintiff by virtue of Section 3268 "to demand and collect the balance of the claim or cause of action from the other joint tort-feasors whom" he had "not so released." The question then arising is whether the instrument so construed by the Court of Appeals is, in the terms and language thereof, so like and similar to the release in the Abbott case and the stipulation in the Dulaney case that the construction placed thereon by the Court of Appeals opinion contravenes the conclusions of law announced by this court upon the written instruments construed in those cases. We cannot so hold. The Court of Appeals aptly distinguishes the release, upon the language, from the instrument construed in the Abbott case which was "in full of all demands from injuries received by the falling of the awning" nor do we think there is such a similarity with the terms and language of the stipulation in the Dulaney case and the facts of that case that the Court of Appeals opinion can be said to be in conflict with that case.

■ As we have pointed out the rules of law announced by the opinion of the Court of Appeals as applicable to the case conform to and are in harmony with the principles laid down in the Abbott case, the only case cited by relators which was decided subsequent to the enactment of Section 3268, and the release construed so differs in the terms and language thereof from the written instruments construed in the Abbott and Dulaney cases that the opinion cannot be said to be in conflict with those cases. Thus it appears that the vice, if any exists, in the opinion is in the construction placed upon the release but, with the situation as stated, it is not within our province in this proceeding to determine whether such construction is erroneous. Since the Court of Appeals had jurisdiction of the appeal and upon examination of the opinion, in this proceeding, we do not find any rule of law promulgated therein which contravenes a former ruling of this court or that it announces any conclusion of law upon the same or a similar state of facts which runs counter to a prior

decision of this court we cannot go into the question of whether the Court of Appeals has correctly construed the written release. [State ex rel. Fichtner v. Haid, 324 Mo. 130, 22 S. W. (2d) 1045; State ex rel. Weisheyer v. Haid (Mo.), 26 S. W. (2d) 939; State ex rel. Mo. State Life Ins. Co. v. Allen, 295 Mo. 307, 243 S. W. 839; State ex rel. Raleigh Inv. Co. v. Allen, 294 Mo. 214, 242 S. W. 77; State ex rel. Smith v. Reynolds (Mo.), 216 S. W. 773; State ex rel. American Press v. Allen, 256 S. W. 1049; State ex rel. Greer v. Cox (Mo.), 274 S. W. 373.]

As we are concerned solely with the question of conflict and find none it follows that the writ issued herein should be quashed. It is so ordered. *Sturgis* and *Hyde, CC.,* concur.

PER CURIAM:—The foregoing opinion by FERGUSON, C., is adopted as the opinion of the court. All the judges concur.