## John Brown *vs.* City of Cambridge.

Payment of a sum of money " in full payment and satisfaction for all claim for damages and costs " in a suit against a corporation for an injury sustained by the plaintiff therein by reason of falling into a trench alleged to have been dug by its servants in a public highway, is a bar to a subsequent action for the same injury against the town which was bound to keep the highway in repair; and a written receipt for the money, showing that it was received in full payment and satisfaction for all claim for damages and costs in that suit cannot be controlled or varied by parol evidence.

Tort to recover damages for an injury sustained by reason of falling into a trench in a public highway in the city of Cam bridge. At the trial in the superior court, before *Morton,* J., a verdict was returned for the plaintiff, and the defendants alleged exceptions. The facts are stated in the opinion.

*T. H. Sweetser & W. S. Gardner,* for the defendants.

*N. St. J. Green,* for the plaintiff.

Chapman, J. It appears that the plaintiff brought a suit against the Cambridge Water Works to recover damages for the same tort which is the alleged cause of the present action. In his declaration he alleged that the tort was committed by them. The suit was settled, and was disposed of on the record by the entry of " neither party." The plaintiff gave a receipt for " one hundred and fifty dollars in full payment and satisfac-tion for all claim for damages and costs in suit of *John Brown* v. *Cambridge Water Works.*" The money receipted for was actually paid. The plaintiff contends that the Water Works merely settled the suit, and paid the money for no other consid-eration than a purchase of their peace in that suit, leaving the

plaintiff's claim for the alleged damages unsettled. But the writing does not sustain this position. It is an acknowledgment of the payment, and a statement of what the money was paid for. It was in full payment and satisfaction for all claim for damages as well as costs in that suit. This is more than a settlement of the suit. It is a settlement of the claim made in the writ; so that if the plaintiff, after the entry of "neither party," had brought another action against the Water Works, it would have been a bar to such suit, being a compromise and satisfaction of the claim itself as between those parties.

Parol evidence was offered and admitted at the trial, tending, as it was contended by the plaintiff, to show that this was not the agreement. This evidence was objected to, on the ground that parol evidence is inadmissible to vary or control a written agreement. The plaintiff contends that it was admissible in this case for two reasons: first, that the rule of exclusion applies only to suits between the parties to the writing; and secondly, that this writing is merely a receipt, which is always subject to be thus controlled.

Admitting that the rule is to be applied only in suits between the parties, as stated in 1 Greenl. Ev. § 279, it is apparent that the rule is not material in this case; for the question here is, whether the writing is conclusive as between the parties to it. We think it is thus conclusive. In so far as it is a contract between the parties, it stands on the footing of all other contracts in writing, and cannot be contradicted or varied by parol. 1 Greenl. Ev. § 305. That it is to be construed as an agreement that the money was received in satisfaction of the plaintiff's claim for damages as against the Water Works has already been shown. It is thus more than a mere receipt.

Nor did the evidence, when admitted, contradict the terms of the writing. It did not prove that the plaintiff reserved a right to sue the Cambridge Water Works again, or that his claim against them remained in any respect unsettled or unsatisfied. It amounted merely to this: that the plaintiff's counsel at the time of the settlement asserted an intention to sue the

city of Cambridge for the tort, and the counsel of the Water Works made no objection to his doing so.

The defendants contend that the legal effect of this transaction is to discharge them also, and we are of opinion that it has that effect. It is an ancient doctrine that a release to one joint trespasser, or a satisfaction from him, discharges the whole. *Cocke* v. *Jennor*, Hob. 66. Co. Litt. 232 *a.* The same doctrine applies to all joint torts, and to torts for which the injured party has an election to sue one or more parties severally. Where, for example, a master is liable for the tort of his servant, a satisfaction from one discharges both, though they cannot be sued jointly. If it were not so, a party having a claim against several persons on account of a single tort might sue one and settle the suit, receiving damages; he might then sue another and settle in the same way, and repeat the proceeding as to all but one, and then sue him and recover the whole damage, as if nothing had been paid by the others. A door would thus be opened to a class of speculations that do not deserve encouragement. The rule of law which makes one satisfaction or release a bar to further claims for the same tort is founded in good reason.

The plaintiff is estopped to say that he had no claim against the Water Works for the tort, but compelled them to buy their peace by the settlement of a claim that was groundless, and therefore malicious; for this would be an allegation of his own wrongful act. He is to be regarded as having prosecuted his claim against them in good faith, and they admitted its validity so far as to compromise it. If the defendants were also liable, it must have been on the ground that the Water Works created the defect in the highway, and the city suffered it to remain, and were therefore under a statute liability to the plaintiff. The satisfaction has therefore been received from the party upon whom he ultimate liability rested. *Lowell* v. *Boston & Lowell Railroad*, 23 Pick. 24. The case of *Wilson* v. *Reed*, 3 Johns. 175, is not in conflict with this opinion; for in that case the person released was a stranger to the tort, and no satisfaction was received from him.

The same general doctrine here stated prevails in respect to a

release of one of several joint debtors. As to them, however, it has been relaxed to some extent. *Watters* v. *Smith*, 2 B. & Ad. 889. *Field* v. *Robins*, 8 Ad. & El. 90. But joint debtors are liable in a liquidated sum, and often have equitable claims for contribution; whereas in torts the claim for damages is unliquidated, and there is no claim for contribution. There does not appear to be any reason for any modification of the doctrine that a release to one of several parties liable for a tort, or a satisfaction received from him in compromise and settlement of his alleged liability, operates as a discharge of all the other parties liable for the same tort.                *Exceptions sustained.*