Bigger, J.
This case is submitted on the plaintiff’s motion for a new trial. Three grounds are relied upon: First, that the verdict is not sustained by sufficient evidence; second, that the verdict is contrary to law; third, errors of law occurring at the trial and excepted to by the plaintiff.
It is said in argument in support of the motion that the evidence shows clearly that the proximate cause of the death of the deceased was the negligence of the defendant in operating the engine. ■ It is not always easy to determine just what is the proximate cause of an injury. As I now recall the evidence, two witnesses testified that if the rope that was being used had been a strong rope instead of an old and weakened one that the accident would not have occurred. They stated that the rope instead of breaking would have slipped upon the winch; then, that the winch head would have turned around in the rope notwithstanding the engine was running. There was much evidence tending to show that the matter of the elevation of the deceased at the end *514 of the rope was controlled by a fellow-servant of the deceased who had hold of the rope near the winch head, and that this is the usual and ordinary method of controlling the elevation of an object by means of the derrick, as the engine can not be reversed; that when the object to be elevated has reached the proper height, the man holding the rope at the winch head can and does.stop it by simply slackening the rope at the winch head, and if desiring to lower it, this is accomplished by further slackening the rope on the winch head, thus permitting the object to be elevated to slip back. It is true the evidence tends to show that upon this occasion there were rather too many folds of the rope around the winch, but who was responsible for that does not appear. It may have been that the jury concluded that the proximate cause —that is the cause without which this accident would not have occurred — was the negligence of a fellow-servant of the deceased who had charge of this rope. Or, they may have concluded that the proximate cause was the weakness of the rope; that is they may have concluded that had a proper rope been used on this occasion, that the running of the engine would not and could not have caused the injury to the deceased, and in the light of the evidence it tends to show that the rise and fall of the object to be hoisted is controlled, not by the man in charge of the engine, but by the man at the end of the rope. I can not say that this conclusion can not be reasonably arrived at on -the evidence.
The evidence of the defendant tends to show, however, that the rope was not, as he says it was, returned to Westwater & Casey. But whether it was purchased or not, the jury might reasonably conclude from the evidence that the appliances were loaned to the stone company instead of loaned to the defendant. It is undisputed that the arrangement for furnishing them to the stone company to be used in erecting this derrick was made between a representative of Westwater & Casey and a representative of the stone company without any knowledge whatever on the part of the defendant. It is true the evidence tends strongly to show that the defendant occupied a position towards the stone company of an independent contractor, but if he was, he was only a contractor paid by the day, who owned no tools and appliances for doing this sort of work, and so far as the evi *515 deuce discloses he had no knowledge that he occupied any other position towards the stone company than he occupied towards Westwater & Casey. ITe was told by the representative of West-water & Casey to take the tools and appliances and go over and erect the derrick which had been purchased by the stone company together with a large part of the equipment necessary in its erection. There was certainly nothing in the evidence to indicate that the defendant had any information or knowledge that he was undertaking to furnish appliances for the doing of this work. The jury might, therefore, I think reasonably reach the conclusion that this rope was furnished by the stone company to the defendant and those working with him, and that being so, whether the defendant occupied the position of an independent contractor or not, the stone company owed the duty of exercising reasonable care to furnish safe appliances to be used in the erection of the derrick, and if they failed to do so that would be negligence of the stone company.
It seems to be the settled law that an independent contractor is not liable for injuries caused by defects in materials and appliances, unless he has the right to select the appliances himself. Here again it would seem that the jury might have reached the conclusion from the evidence that the negligence in furnishing a weak and insecure rope was the negligence of the stone company, for which the defendant would not be responsible. The witness Smith, who was in charge of the rope,- testified, as I recall it, that had the rope been a strong one, the fact that it was wound about the winch would not be a cause for it to break, as it would have slipped if it had been of sufficient strength.
I have given much careful thought to the law in this case, as well as the evidence, and I find myself unable to accept the view of the plaintiff’s counsel that it is manifest that it was the negligence of the defendant which was the proximate cause of the injury. On the contrary, it seems to me to be a debatable question, and one as to which opposite conclusions might well be reached by reasonable men. I, therefore, conclude that if the jury found that the proximate cause was the negligence of the man at the rope, or that it was the weakness of the rope, and that the rope was furnished by the stone, company, that such a conclusion *516 would not be so manifestly against the evidence as to warrant the court in setting aside the verdict.
It is then argued by counsel for plaintiff that if the proximate cause of the injury was the defendant’s negligence in the operation of the engine, then the stone company was not liable at all, because the. defendant was an independent contractor. But, as 1 have said, in my opinion, the jury might reasonably have rejected that theory upon the evidence that the defendant’s negligence was the proximate cause of the injury.
But does it lie in the mouth of the plaintiff to say that the stone company was not liable for this accident? After careful consideration of the question, I am of the opinion ¡that the plaintiff is estopped now to take this position by reason of the fact that she brought an action in this court against'the stone company, alleging that it was the stone company’s negligence that caused the injury, and then settled, and has received compensation from the stone company upon that claim. I do not think she can be permitted to assume these contradictory attitudes, but that she is estopped by the record to say that the stone company is not liable.
It is a principle of law that a person can not be permitted, because it may be to his interest, to take a position directly contrary to one previously assumed by him. See II Am. & En. Encyc. of Law, page 446.
I am strongly of the opinion that this plaintiff is estopped by the record to now say that the stone company was not liable.
It is said the court erred in permitting the record of the case against the stone company to be introduced in evidence. In my opinion, this was competent evidence.
There is a view of this case which was not presented upon the trial, and it is this. It was decided in the case of Ellis v. Bitner, 2 Ohio, 89, that a release of one of several joint tort feasors releases all of them, although the contract of release stipulated that it should not release the others. This rule has never been changed in Ohio, and was recently recognized as the rule in this state by the Circuit Court 'of Cuyahoga County in the ease of Gilbert v. Timms, 7 C.C.(N.S.), 253. That was an action against two physicians, charged with'malpractice. Pending the.suit a *517 settlement was made with one of them, and a release executed in which it was stipulated that it should not release the other. The party not released pleaded -it in bar, and this was sustained by the court, who held that the rule announced in Ellis v. Bitner was the law in this state. The court held that Section 3166 did not apply to such a case, as the relation of debtor and creditor did not exist.
I have already said, that in my opinion, plaintiff is estopped now to say that the stone company is not liable, but it is argued that even if the stone company is liable, still it is not jointly liable with the defendant, because it has been decided in Ohio that where a liability of a master rests upon the relationship only by virtue of the doctrine of respondeat superior that a joint action can not be maintained against the master and his servant for injuries occasioned by the servant’s negligence. But the doctrine relating to release of joint tort feasors, is not restricted to the ease of those who are strictly joint tort feasors, but applies as well to those who are quasi joint .tort feasors, as in the case of the liability of a master and servant for injuries occasioned by the servant’s negligence. The rule is thus stated in 24 Am. & Eng. Encyc. of Law, at page 307:
“The rule under discussion applies not only to those who are strictly joint tort feasors, but to all who may be jointly and severally liable in damages whether or not there was any sort of joint action between them, provided the injury be single.” Citing eases.
An interesting case is that reported by the Illinois Court of Appeals (Chapin v. Chicago, etc., Railroad, 18 Ill. App., 50). The syllabus is:
“In case of a collision of trains of two railroad companies, where plaintiff was injured and had a right of action against either company, held: that whether he could have maintained a joint action or not, a release of one discharges1 both.”
An action was brought against one of the railroads, and upon the action a settlement was made, and the road released from further liability. In an action brought subsequently against the other company, it pleaded the release in bar, and this was sus *518 tained by the court. This case is especially interesting on account of the discussion of the question in the opinion. It is said:
“It is conceded that the action in this ease is brought to recover for the same injury for which settlement has been made with the Wabash Company, but it is insisted that the two companies were not joint tort feasors and, therefore, not jointly liable, and that the release of one does not have the effect of discharging the other • from liability to the plaintiff. Whether they were joint tort feasors or not, we do not deem it important in the view we take of the case to decide. It is enough if they were both liable for the same injury. It is an ancient doctrine that the release of one tort féasor, or a satisfaction from him, discharges the whole. The same doctrine applies to all joint torts, and to torts for which the injured party has an election to sue one or more parties severally. When, for example, a master is liable for the tort of his servant, a satisfaction from one discharges both, though they can not be sued jointly. If it were not so, a party having a claim' against several persons on .account of a single .tort might sue one and settle the suit, and receive damages. He might then sue another and settle in the same way, and repeat the proceeding as to all but one, and then sue him and recover the whole damage as if nothing had been paid by the others. The door would thus be open to a class of speculations that do not deserve encouragement., The rule of law which makes one satisfaction or release a bar, to further claims for the same tort is founded in good reason. ’ ’
This language used by'the Illinois Court of Appeals is but a quotation from the case of Brown v. The City of Cambridge, 85 Mass., 474. The plaintiff brought an action against the Cambridge Water Works to recover damages for injuries alleged to have been received by reason of the negligent acts of the agents and servants of the water works company in digging a ditch in the highway. This ease was settled, and the action dismissed, but an action brought against the city of Cambridge upon its liability to the public for the safety of the streets. The court held the settlement with the water works was a complete bar. This case is also in point upon the question of the estoppel of the plaintiff here to"' say that the stone company is not liable. The court said:
‘ ‘ The plaintiff is estopped to say that he had no claim against the water works for the tort, but compelled them to buy their peace by .the settlement of a claim that was gratuitous and, there *519 fore, malicious, for this would be an allegation of his own wrongful act. He is to be regarded as having prosecuted his claim against them in good faith, and they admitted its validity so far as to compromise.”
In the Hydell case the settlement was made with one, held by the Supreme Court not to be liable at all for the injury. This may be construed properly as establishing the doctrine of this state that a settlement with one in no way liable will not work a release. In some states a settlement for an injury with any one, whether liable or not, may be pleaded in bar, but that case does not apply here, because the plaintiff is estopped to say that the stone company is not liable, and being a quasi joint tort feasor with the defendant, it seems that the release of the stone company will operate as a release of the defendant.
It would seem, therefore, that upon the undisputed evidence showing a settlement with the stone company, that it was probably the duty of the court to have directed a verdict for the defendant; but if not, I think the charge was as favorable as the plaintiff was entitled to.
For the foregoing reasons I believe the plaintiff had a fair trial, and that the verdict was warranted by the evidence. The motion is, therefore, overruled.