(153 App. Div. 617.)

KELLIHER v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department.   November 13, 1912.)

1. DEATH (§ 39*)—ACTION—LIMITATIONS.
    Where an action for wrongful death occurring February 24, 1912, as the result of injuries received November 22, 1906, was brought May 8, 1912, under Code Civ. Proc. § 1902, giving an administrator a right of action for his decedent's wrongful death from the act of a person who would have been liable to decedent if death had not ensued, it was barred by Code Civ. Proc. § 383, providing that actions for personal injuries must be commenced within 3 years after accrual.
    [Ed. Note.—For other cases, see Death, Cent. Dig. §§ 54, 55; Dec. Dig. § 39.*]

2. MASTER AND SERVANT (§ 262*)—INJURY TO SERVANT—PLEADINGS—DEFENSES.
    Where the complaint, in an action for the wrongful death of plaintiff's decedent while in defendant's employ, was drawn so as to claim liability under the Employer's Liability Act (Consol. Laws 1909, c. 31), defenses stating that notice under such act was not served within 120 days after the accident, and that the action was not brought within one year after the happening of such accident, as required by such act, were not demurrable, though liability was also claimed under the common law.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 855–859; Dec. Dig. § 262.*]

    Kruse, J., dissenting in part.

Appeal from Special Term, Steuben County.

Action by Sarah Kelliher, as administratrix of Daniel Kelliher, deceased, against the New York Central & Hudson River Railroad Company. From an interlocutory judgment sustaining plaintiff's demurrer to certain defenses (77 Misc. Rep. 330, 136 N. Y. Supp. 256), defendant appeals. Reversed and demurrer overruled.

The action was commenced on the 8th day of May, 1912, to recover the damages alleged to have been sustained by the widow and next of kin of Daniel Kelliher, deceased, by reason of the alleged negligence of the defendant, resulting in his death.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, FOOTE, and LAMBERT, JJ.

Halsey Sayles, of Elmira, for appellant.

James O. Sebring, of Corning, for respondent.

McLENNAN, P. J.   The complaint alleges that Daniel Kelliher, plaintiff's intestate, while in the employ of defendant, was injured November 22, 1906, solely through defendant's negligence, and that as a result of such injuries he died February 24, 1912.   The complaint is so drawn as to claim liability on the part of the defendant under the common law as well as under the Employer's Liability Act (Consol. Laws 1909, c. 31).

For a fourth separate defense the defendant alleges in its answer that the action was not commenced within 3 years after the happening of the accident causing injury to the deceased.   For a fifth

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

separate defense it is alleged that notice under the Employer's Liability Act was not served within 120 days after the accident occurred. For a sixth separate defense it is alleged that the action was not brought within one year after the happening of the accident, as required by the Employer's Liability Act. To each of these three defenses plaintiff demurred, on the ground that they are insufficient in law upon the face thereof, and that the facts stated in such defenses do not constitute a defense in the action. The demurrer was sustained as to each of these defenses by the court at Special Term.

[1] Plaintiff's right to sue the defendant upon its common-law liability exists, if at all, by virtue of the provisions of section 1902 of the Code of Civil Procedure, which, so far as material to the question here involved, is as follows:

"The executor or administrator of a decedent, who has left him or her surviving, a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect, or default, by which the decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent, by reason thereof, if death had not ensued. Such action must be commenced within two years after the decedent's death. * * * "

By section 383 of the Code of Civil Procedure it is provided that an action to recover damages for personal injuries resulting from negligence must be commenced within three years after the cause of action has accrued. It is conceded that the intestate never brought any action during his lifetime to recover from the defendant damages caused by its alleged negligent act. It is clear that his right to maintain such action was barred after the lapse of three years from the date of the accident. It is therefore urged by the defendant that this action cannot be maintained by his administratrix, for the reason that no right of action existed in decedent at the time of his death. It is the contention of the plaintiff that the Legislature, in specifying that such an action may be maintained "against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent, by reason thereof, if death had not ensued," intended thereby to declare the character of act or omission which would sustain the action, without reference to the question of whether the deceased had allowed his right to maintain the action to be barred by the lapse of the statutory period of limitation. In support of this contention it is urged that the right of action given to the administratrix is for a different cause of action and for a different injury than the cause of action which existed in favor of, and the injury which was done to, the deceased.

We are able to find no decision by the courts of this state where it has been held that this defense is a bar to the right of an executor or administrator to recover in such a case. There are several cases in which it has been held that other defenses, which would have defeated the right of the decedent in his lifetime to recover, are available to the defendant after his death as well as in his lifetime. The following defenses have been held to defeat a recovery by an executor or administrator: Where the decedent in his lifetime settled with the

defendant and released his cause of action (Dibble v. N. Y. & E. R. R. Co., 25 Barb. 183); where the deceased, who was a passenger on defendant's railroad, in consideration of free passage had signed a contract relieving the carrier from liability for injuries caused by negligence (Hodge v. Rutland R. R. Co., 112 App. Div. 142, 97 N. Y. Supp. 1107); where decedent in his lifetime had recovered and collected a judgment against the same defendant (Littlewood v. Mayor, 89 N. Y. 24, 42 Am. Rep. 271).

The precise question here involved has been considered by the courts of other states, with conflicting results. It was considered by the United States Circuit Court of Appeals for the Eastern District of New York, in the case of Seaboard Air Line Railway Co. v. Allen, 192 Fed. 480, 112 C. C. A. 642, and the court, construing a similar statute of the state of Alabama, held that the action could not be maintained; decedent's right to sue for the injury having been barred by limitations before his death.

To sustain the decision of the trial justice we are cited to the following cases: Crapo v. City of Syracuse, 183 N. Y. 395, 76 N. E. 465; Weber v. Third Avenue R. R. Co., 12 App. Div. 512, 42 N. Y. Supp. 789; Barnes v. City of Brooklyn, 22 App. Div. 520, 48 N. Y. Supp. 36; Conway v. City of New York, 139 App. Div. 446, 124 N. Y. Supp. 660; Casey v. Auburn Tel. Co. (Sup.) 131 N. Y. Supp. 1, affirmed in this court without opinion, 148 App. Div. 900, 132 N. Y. Supp. 1123.

We think none of these cases support the contention of the respondent. The Crapo Case, the Barnes Case, and the Conway Case all have to do with the construction of statutes providing that as against certain municipalities notice must be given and the action commenced within a certain time after the cause of action accrues. In each of those cases it was held that the cause of action did not accrue in favor of an administrator until an administrator was appointed; but in neither of those cases had the injured party allowed his claim to be barred by limitation prior to his death, and it will be seen that the words of the statutes there construed were materially different than the language of the section of the Code here involved, and the decisions are not authority for the proposition contended for by the respondent. The Weber Case simply decided that where, between the date of the injury and the date of the death, the Constitution was amended so as to remove the limitation of $5,000 on the amount to be recovered, the plaintiff could recover an amount in excess of $5,000. In the Casey Case it appeared that the deceased commenced an action in her lifetime, which came to trial more than 3 years after the injury, and resulted in a dismissal of her complaint. She died about 3 years and 10 months after the injury, and after her death a new trial was granted in the action. Subsequently an administrator brought an action under section 1902 of the Code, which the trial court held could be maintained. It will be readily seen that in that case the deceased was in a position to maintain her action against the defendant at the time of her death. This court, in

affirming the order there appealed from, did not adopt the language used by the trial court in its opinion.

In the case of Littlewood v. Mayor, 89 N. Y. 24, 42 Am. Rep. 271, cited above, the Court of Appeals held that under chapter 450 of the Laws of 1847, as amended in 1849 (Laws 1849, c. 256) and 1870 (Laws 1870, c. 78), no recovery could be had against a defendant for negligence resulting in the death of a person who had during his lifetime obtained and collected a judgment against that defendant for damages resulting to him from the same injury. In its opinion the court refers to the case of Dibble v. N. Y. & E. R. R. Co., 25 Barb. 183, and says that it believes that case was correctly decided. While the court had before it for consideration in the Littlewood Case a statute somewhat differently worded than the one we are now considering, it was essentially the same, and while the question there involved was somewhat different than the one now before us, we think the language used by the court in construing the meaning of that statute applies here. The court said (89 N. Y. 28, 42 Am. Rep. 271):

"It seems to me very evident that the only defense of which the wrong-doer was intended to be deprived was that afforded him by the death of the party injured, and that it is, to say the least, assumed throughout the act that at the time of such death the defendant was liable. In the present case the defendant does not answer the description of 'the person who would have been liable if death had not ensued.' It would not have been liable if the injured party were living, for the former judgment would be a complete bar. The statute may well be construed as meaning that the party who at the time of the bringing of the action 'would have been liable if death had not ensued' shall be liable to an action notwithstanding the death," etc.

In the case at bar it is clear that at the time of the bringing of the action the defendant would not have been liable to the decedent if he had then been living, for the reason that the action had been barred by the lapse of 3 years. We do not think it was the intent of the Legislature that a person injured through the negligence of another might allow his claim to be barred by the lapse of more than 3 years during his lifetime and that after his death, occurring perhaps 10, 15, or 20 years after receiving the injuries, his executor or administrator could maintain an action for damages for his death, resulting from such injuries. Yet such is the contention of the respondent. Such a holding would render it extremely difficult, if not absolutely impossible, for the defendant to prepare a defense to such an action. For these reasons we think that the demurrer to the defense set up in the fourth paragraph of the answer should be overruled.

[2] We think the demurrer to the defenses set up in the fifth and sixth paragraphs of the defendant's answer should have been overruled also. The plaintiff had alleged in the complaint the service of a notice under the Employer's Liability Act, thereby implying that she claimed liability on the part of the defendant under that act, as well as under the common-law liability. The mere denial of that allegation by the defendant would have raised only a question of fact as to whether such a notice was served. The defendant desired to

interpose the defense that this notice was not served within the 120 days prescribed by the statute and that the action was not commenced within one year after the happening of the accident. It seems to us that the defendant pleaded such defenses in proper form.

It follows that the interlocutory judgment should be reversed, with costs, and the demurrer overruled, with costs, with leave to the plaintiff to plead over within 20 days, upon payment of the costs of the demurrer and of this appeal.

Interlocutory judgment reversed, with costs, and demurrer overruled, with costs, with leave to plaintiff to plead over within 20 days, upon payment of the costs of the demurrer and of this appeal. All concur, except KRUSE, J., who votes for modification in a memorandum.

KRUSE, J. I concur in overruling the demurrer to the fourth separate defense, setting up that the action was not commenced within 3 years after the happening of the accident; but as to the fifth and sixth separate defenses, alleging failure to serve the notice under the Labor Law and to commence the action within the time required by that act, I think the demurrer should be sustained, for the reasons stated by Mr. Justice Clark in his opinion at Special Term.