CASEY v. AUBURN TELEPHONE CO.

(Supreme Court, Appellate Division, Fourth Department. January 8, 1913.)

1. DEATH (§ 39*)—ACTION—LIMITATION.

Action by one's representative for his death from negligent injury is barred, he having died after the three years in which he could have sued for the injury, without having sued therefor within such time.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 54, 55; Dec. Dig. § 39.*]

2. LIMITATION OF ACTIONS (§ 195*)—EVIDENCE—PRESUMPTIONS—DEATH.

It will, in an action for death of one from an injury that he received more than three years before his death, be presumed that within the three years after the injury he commenced no action therefor, which is still pending, with the result of keeping alive the cause of action for death.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 711–716; Dec. Dig. § 195.*]

3. RELEASE (§ 29*)—EFFECT—JOINT WRONGDOERS.

A release of one joint tort-feasor, unless expressly reserving the right to pursue the others, releases them.

[Ed. Note.—For other cases, see Release, Cent. Dig. §§ 64–70; Dec. Dig. § 29.*]

4. RELEASE (§ 29*)—EFFECT—JOINT WRONGDOERS—ESTOPPEL.

As regards the rule that release of one joint tort-feasor will release the others, it is immaterial that one claimed by the injured person to be liable, and who was released by him for a consideration, was in fact not liable; the party releasing thereby being estopped to claim such non-liability.

[Ed. Note.—For other cases, see Release, Cent. Dig. §§ 64–70; Dec. Dig. § 29.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. **APPEAL AND ERROR** (§ 854*)—AFFIRMANCE—EFFECT.

> Reasons, other than those stated by the trial court in the opinion on decision of a motion, existing for affirmance of the order thereon, its affirmance is not necessarily an adoption of such reasons.

> [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3403, 3404, 3408–3430; Dec. Dig. § 854.*]

Action by James A. Casey, as administrator, etc., of Mary E. Ramsey, deceased, against the Auburn Telephone Company. Defendant moves for a new trial on a case containing exceptions ordered to be heard at the Appellate Division in the first instance, after a verdict for plaintiff at the Cayuga County Trial Term. Motion granted, and judgment directed for defendant.

See, also, 148 App. Div. 900, 132 N. Y. Supp. 1123.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, FOOTE, and LAMBERT, JJ.

Frank S. Coburn, of Auburn (Robert J. Burritt, of Auburn, on the brief), for plaintiff.

E. C. Aiken, of Auburn, for defendant.

ROBSON, J. [1, 2] Plaintiff's action, in which he has obtained a verdict against defendant, was based upon the allegation that his intestate came to her death by reason of an injury received because of a fall on a defective sidewalk in the city of Auburn, for the defective condition of which defendant was responsible. Intestate's injury, which, as the jury has found, caused her death, was received in April, 1907. She died about three years and ten months later. Defendant by its answer pleaded as a separate defense that plaintiff's cause of action had not accrued within three years of his intestate's death, that at the time of her death defendant was not liable to any action in her favor for the acts stated in the complaint, and further pleaded the statute of limitations as a bar to plaintiff's action. Though plaintiff alleged in his reply to defendant's answer that his intestate within three years after she was injured began an action against this defendant to recover damages therefor, which action was still undetermined at the date of her death, no proof establishing this fact was offered on the trial. At the close of plaintiff's case, defendant's counsel moved for a nonsuit, and at the close of all the evidence again moved for a directed verdict upon the separate ground, among others:

> "That the action is barred by the statute of limitations; that three years from the date of the accident had expired before the death of Mary E. Ramsey, and no cause of action survived her death, or vested in her representatives."

Each motion was denied, and defendant's counsel duly excepted. This court has held in Kelliher, as Adm'x, etc., v. New York Central & Hudson River Railroad Co., 138 N. Y. Supp. 894 (not yet officially reported), that, if a person having a claim for damages for injury due to another's negligence had during his life permitted the statute to become a bar to his claim, no cause of action for his death, though due to that injury, would survive, or accrue to his representative. Plaintiff's

intestate having survived the injury for more than three years, her cause of action was for that reason presumptively barred by the statute at the time of her death. It was therefore necessary for the plaintiff, in order to avoid the effect of that presumption, to show that the statute was in fact not a defense available to the defendant at the date of the death of his intestate. This, as I have said, he failed to do. The motion for a nonsuit should therefore have been granted for that reason.

[3, 4] It was shown on the trial that, after intestate was injured, she began an action against the city of Auburn to recover the damages she claimed to have sustained by reason of her injury, which she alleged was due to the negligence of the city. The city interposed an answer, and while the action was still at issue she made with the city a settlement of her cause of action against it for the sum of $100, and in consideration thereof gave to it a general release and discharge, under seal, and without reservation of any kind, fully covering any and all claims or demands against it, which she then, or at any time prior thereto, had, or might have had, howsoever the same might have arisen or accrued. This release it is conceded operated to discharge the city from all further liability by reason of the cause of action alleged in her complaint; and would equally be a bar to any claim dependent upon that injury, or her death resulting therefrom, which could be made after her death by her personal representative. "Where the release contains no reservation, it operates to discharge all the joint tort-feasors; but, where the instrument expressly reserves the right to pursue the others it is not technically a release, but a covenant not to sue, and they are not discharged." Gilbert, as Recr., etc., v. Finch et al., 173 N. Y. 455–466, 66 N. E. 133, 61 L. R. A. 807, 93 Am. St. Rep. 623. As has been stated, the release in this case contained no reservation whatever. Its effect, therefore, was to discharge, not only the city, but all tort-feasors liable for the same injury or tort, for there was but one tort, or injury, and the person injured can have but one satisfaction. This principle is tersely stated by Miller, J., in Lovejoy v. Murray, 3 Wall. (70 U. S.) 1, 17, 18 L. Ed. 129, as follows:

"But when the plaintiff has accepted satisfaction in full for the injury done him, from whatever source it may come, he is so far affected in equity and good conscience that the law will not permit him to recover again for the same damage. But it is not easy to see how he is so affected, until he has received full satisfaction, or that which the law considers as such."

The learned trial justice in submitting this case to the jury charged, in effect, that the discharge given by plaintiff's intestate to the city would operate as a satisfaction of her claim and release all other persons who were liable to respond in damages for that injury, provided the jury should also find that the city was in fact liable for the injury as a tort-feasor; but also instructed the jury that, in the event they should find there was no liability of the city to respond to plaintiff's intestate in damages for the injury, then the release did not operate to discharge the person who was in fact liable therefor. The correctness of this instruction is presented by proper exceptions. It is true that the law as charged by the court is not without some support in

adjudicated cases. In Hirschfield v. Alsberg, 47 Misc. Rep. 141, 93 N. Y. Supp. 617, it is so stated. But the case which the court cites in support of that principle (Atlantic Dock Co. v. Mayor, etc., of the City of New York, 53 N. Y. 64) does not seem to be a controlling authority for the proposition. In the latter case the effect of the decision seems to be that where the tort, or injury, is not single, but separable, so that each tort-feasor is liable not for the whole injury, but for separate injuries, then payment to the injured person of the whole damages by one liable only for a distinct part thereof will not extinguish the liability of the other tort-feasor for his part of the damages so as to prevent the former, to whom the party injured has assigned his claim, from recovering of the latter the amount of damages for which the latter was otherwise separately liable to the party injured. The court says:

"The defendants' position is this, then: That a good cause of action against them upon their conceded liability to the plaintiff is lost or is taken away by a wrong done to another not in any way connected with the defendants in the transaction. This cannot be so. A wrong done to one will not extinguish a right against another."

The clear weight of argument and authority seems, on the other hand, to establish that a release of one liable for an injury or tort releases all, who are also liable therefor, even though the one released was not in fact liable. This is so because as was said in Hubbard v. St. Louis & M. R. R. Co., 173 Mo. 249, 256, 72 S. W. 1073, 1074:

"It does not lie in the mouth of such a plaintiff to say he had no cause of action against the one who paid him for his injuries, for the law presumes that the one who paid committed the trespass and occasioned the whole injury."

The same principle is thus expressed in Brown v. City of Cambridge, 85 Mass. (3 Allen) 474, 476:

"It is an ancient doctrine that a release to one joint trespasser or a satisfaction from him discharges the whole. The same doctrine applies to all joint torts and to torts for which the injured party has an election to sue one or more parties severally. Where for example a master is liable for the tort of his servant, a satisfaction from one discharges both, though they cannot be sued jointly. If it were not so, a party having a claim against several persons on account of a single tort might sue one and settle the suit, receiving damages. He might then sue another and settle in the same way, and repeat the proceeding as to all but one, and then sue him and recover the whole damage as if nothing had been paid by the others. A door would thus be opened for a class of speculations that do not deserve encouragement. The rule of law which makes one satisfaction or release a bar to further claims for the same tort is founded in good reason. The plaintiff is estopped to say that he had no claim against the waterworks for the tort, but compelled them to buy their peace by the settlement of a claim that was groundless, and therefore malicious, for this would be an allegation of his own wrongful act. He is to be regarded as having prosecuted his claim against them in good faith, and they admitted its validity so far as to compromise it."

Among the cases in which this rule of law has been applied, see Leddy v. Barney, 139 Mass. 394, 2 N. E. 107; Miller v. Beck & Co., 108 Iowa, 575, 79 N. W. 344; Tompkins v. Clay Street R. R. Co., 66 Cal. 163, 4 Pac. 1165; Seither v. Philadelphia Traction Co., 125 Pa.

397, 17 Atl. 338, 4 L. R. A. 54, 11 Am. St. Rep. 905. It follows that the release given by plaintiff's intestate to the city of Auburn was a bar to plaintiff's action against this defendant.

[5] Plaintiff's counsel, however, urges that this question has already been decided by this court in favor of plaintiff in this same action. The case was before this court on a prior appeal from an order denying defendant's motion for judgment on the pleadings. The release in question was pleaded by defendant as a defense to plaintiff's cause of action. Plaintiff's reply to the answer referred to this release; but the allegations therein could not properly be taken as an admission of the execution and delivery of the release under circumstances warranting the conclusive inference that it was as to this defendant a bar to plaintiff's action. Other grounds existing for the affirmance of the order its affirmance is not necessarily to be considered an adoption by this court of the reasons stated by the trial court in its opinion on decision of the motion. Uvalde Asphalt Paving Co. v. City of New York, 149 App. Div. 491, 134 N. Y. Supp. 50; Kelliher, as Adm'x, v. New York Central & Hudson River Railroad Co., supra.

In view of the fact that the defendant's motion to set aside the verdict must for the reasons above stated be granted and judgment directed for defendant, it is deemed unnecessary to consider the other exceptions presented by the record.

Defendant's exceptions sustained, order denying motion for the direction of a verdict in defendant's favor reversed, with costs, and judgment directed for the defendant with costs. All concur.