CATHRYN GAVIN, as Administratrix, with Limited Letters, etc., of DAVID JOSEPH GAVIN, Deceased, Appellant, v. EUGENE MALHERBE, Defendant, and JOSEPH SCHWASNICK, JR., Respondent.*— Order granting motion to dismiss the complaint under rule 112 and judgment entered thereon affirmed, with ten dollars

*Affd., 264 N. Y. 403.

costs and disbursements. The plaintiff is estopped from prosecuting the action against Schwasnick set out in the amended complaint. (*Casey* v. *Auburn Telephone Co.*, 155 App. Div. 66.) The Debtor and Creditor Law has no effect or bearing upon the situation. Lazansky, P. J., Kapper and Hagarty, JJ., concur; Carswell and Tompkins, JJ., dissent and vote to reverse and to deny the motion, with the following memorandum: But for the provisions in the Debtor and Creditor Law, sections 231, 234 and 235, the plaintiff would be estopped to prosecute the action against Schwasnick set out in the amended complaint. (*Casey* v. *Auburn Telephone Co.*, *supra*.) These sections have effected a change in the law with respect to the effect of a general release in a tort action containing no reservation of a right to claim against another. They, in effect, insert a reservation in the general release of a right to sue another and merely require a credit to be given for what has already been received, which amount may or may not constitute a complete satisfaction for the wrong claimed to have been suffered.