PHILIP MAGIDSON, Plaintiff, *v.* ALFRED H. BLOOM, Defendant.

City Court of New York, Special Term, Bronx County, April 11, 1939.

*George R. Bregman,* for the plaintiff.

*Alvin Jay Feldman,* for the defendant.

DONNELLY, J.    Some time prior to the commencement of this action plaintiff began suit in the Municipal Court of the City of New York against Irving W. Rice, doing business as Irving W. Rice & Co., to recover for certain so-called extras alleged to have been furnished by plaintiff in a painting job for Irving W. Rice & Co.    The suit was compromised and settled for the sum of seventy-five dollars.    At the time said sum was paid to plaintiff he executed and delivered to the defendant in that action a general release in the usual form.

The pending motion is by the defendant herein to dismiss the complaint, pursuant to the provisions of subdivision 7 of rule 107 of the Rules of Civil Practice, upon the ground that the claim or demand set forth in the complaint had been released.

The action is for libel, based, as appears from the complaint, upon defendant's publication of a letter written by defendant and adressed to plaintiff, in which the writer, referring to a demand by plaintiff for payment of the so-called extras despite previous alleged payment in full for the painting job, used this language: " I consider it nothing but extortion on your part and am in excellent position to prove that that is the case."    The letter, which is dated March 3, 1938, is signed " Irving W. Rice & Co., by A. H. Bloom."

The defendant's employment by Irving W. Rice & Co. was that of sales manager and general office manager, and as such he had general charge of the operation of the company's office and show-room, the purchase of supplies, general upkeep of the office, such as painting and decorating, and the auditing of bills rendered to the

company. It is conceded by defendant that he wrote the letter to plaintiff as an employee of Irving W. Rice & Co. and in the course of his regular duties as such employee.

As it is not disputed that when the defendant wrote the letter in question he was acting in furtherance of his employer's business and not to effect some purpose of his own, his employer may be held liable for the libel alleged by plaintiff. (*Buck* v. *Standard Oil Co.*, 224 App. Div. 299; affd., 249 N. Y. 595.) For his own tortious act while engaged in his employer's work the defendant Bloom may likewise be held liable. (*Judson* v. *Fielding*, 227 App. Div. 430.) Both are joint and several wrongdoers.

The release given by plaintiff to Irving W. Rice, doing business as Irving W. Rice & Co., is sufficiently comprehensive upon its face to include within its operation any claim plaintiff had against Rice at the time the release was executed and delivered. There are no recitals or words in the release to which its application may be restricted. It is an all-inclusive discharge of every liability of the defendant " which against him I ever had, now have, or which my heirs, executors, administrators and assigns hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of these presents." It is difficult to conceive what language could have been used more implicit of an intent to discharge every debt and demand of every kind. To show by parol that the release was not so intended is to contradict or explain away the instrument, which is contrary to the established rule of law (*Kirchner* v. *New Home Sewing Machine Co.*, 135 N. Y. 182, 188), where the court said: " It is competent for a party by his own act to forego a recovery for unknown as well as known causes of action. Construing the language of a release as we must most strongly against the grantor, if words are used fairly importing a general discharge, their effect cannot be limited by the bare proof that the releasor had no knowledge of the demand in controversy. The operation of such an instrument cannot be made to depend upon oral testimony as to the knowledge of the creditor when he executed it of the liability which he subsequently seeks to enforce. It might happen that he did not then know or recollect that his debtor owed him anything, and the writing under such a construction would be wholly inoperative, although many causes of action may have at the time actually existed." At the time plaintiff executed and delivered the release to Rice he had a claim against Irving W. Rice & Co. for the alleged libel. So far as the alleged libel is concerned, Rice & Co. and Bloom are joint and several wrongdoers. The release given to Rice & Co. without any reser-

vation as to Bloom, discharges Bloom; for, where the instrument expressly reserves the right to pursue the other, it is not technically a release but a covenant not to sue, and the other is not discharged. (*Gilbert* v. *Finch*, 173 N. Y. 455, 466; *Casey* v. *Auburn Tel. Co.*, 155 App. Div. 66; *Armieri* v. *St. Joseph's Hospital*, 159 Misc. 563.) While Rice, the master, and his servant, Bloom, may not be joint tort feasors in the sense that Rice was an active participant in the wrongful act involved in the alleged libel, it is none the less true that damages for the tort itself are entire and not severable. This is so in applying the doctrine of *respondeat superior;* so that, as plaintiff, when he settled his demand against Rice for the so-called extras, must be held to have released his claim against him for the tort, the release to Rice, the master, discharged Bloom, his servant. (*Gavin* v. *Malherbe*, 146 Misc. 51; affd., 240 App. Div. 779; affd., 264 N. Y. 403.)

Motion granted.