RUTH PURDY MARKLAND, Plaintiff, v. ALBERT J. MARKLAND, Defendant.

Supreme Court, Special Term, New York County, January 18, 1943.

*Charles Abrams* for defendant.

*Pressinger & Wigg* for plaintiff.

BERNSTEIN, J. This is a motion to vacate a warrant of attachment granted to the plaintiff on July 13, 1942, or, in the alternative, for other relief. The parties are husband and wife, both residents of Florida, and the contract upon which the action is based was not only made in Florida but was intended to be performed there. It is consequently the law of Florida that must determine the capacity of the parties to enter into such a contract. While the action may be brought here as a transitory action, the law of Florida, upon which that capacity depends, must be alleged and proved as a fact, but neither the complaint nor the affidavits upon which the warrant was granted even refer to that law. In the absence of such proof the common law of New York must be assumed to control. (*Southworth* v. *Morgan,* 205 N. Y. 293; *Vander Horst* v. *Kittredge,* 229 App. Div. 126.) As it was so tersely stated: '' Our courts do not take judicial notice of the statutory law of other States. Such statutes, if any exist, must be determined as facts upon proper pleadings and proof, and evidence as to a foreign statute is not admissible unless this statute be pleaded. In the absence of a Pennsylvania statute duly pleaded and proved, which alters the common law, the presumption is that the common law prevails in that State. * * * In the absence of proof to the contrary, the presumption is that the common law of another State is the same as our common law.'' (*Gavin* v. *Malherbe,* 146 Misc. 51; affd., 240 App. Div. 779; affd., 264 N. Y. 403.) Since under the common law of New York the contract between the parties as husband and wife was void (*Winter* v. *Winter,* 191 N. Y. 462, 467), it must be presumed that it was also void under the law of Florida. With that presumption in the case it is evident that the papers upon which the warrant was granted failed to show that a cause of action specified in section 902 of the Civil Practice Act existed, or that the plaintiff was entitled to the warrant. To the extent therefore that the motion seeks to vacate that attachment, it is granted. Settle order.