AUGUSTINE J. SAGAN, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 30702.)

SOLOMON BUSS, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 30698.)

Court of Claims, January 8, 1954.

*Frederick H. Frey* for Augustine J. Sagan, claimant.

*Jules Jacobs* and *Bernard Sternlight* for Solomon Buss, claimant.

*Nathaniel L. Goldstein, Attorney-General* (*David Marcus* of counsel), for defendant.

LAMBIASE, J. Each of the above-named claimants has sued the State of New York for damages claimed to have been suffered by him arising through the alleged negligence of and the alleged creating and permitting of a nuisance by the State of New York in connection with its State highways as is more particularly set fourth in the original and amended filed claims. Claimant, Augustine J. Sagan, at the time of the accident described in the claims, was the owner and operator of the automobile involved therein, in which automobile claimant, Solomon Buss, was riding as a passenger.

In a decision in each of the above claims we have made an award to the claimant therein named and, the facts being therein found and set forth in detail, we do not repeat them here. The claims were tried together as a matter of convenience.

Upon the trial of the Solomon Buss claim his attorney stated in open court that it was " stipulated that he [claimant Buss] made a claim against the driver of the car, Augustine Sagan, on account of the injuries which he received in this accident and received from the insurance company representing Sagan the sum of $8500.00." And later said attorney stated with reference to the payment of said sum to his client that: " A general release was not signed. * * * There was an express reservation." While the paper thus executed by Solomon Buss was not produced upon the trial and is not in evidence, we construe the statements of counsel for claimant, Solomon Buss, made in open court, as admissions or as a stipulation, binding upon Buss, and we have so found in our decision in his claim, and we so hold here. Neither of the parties took, upon the trial, or has taken since the trial of the claim a position which questions our interpretation of the effect of said statements. Are we correct, in arriving at our award to Solomon Buss, in deducting from the total damages found by us to have been sustained by him for which damages we have further found the State of New York to be solely liable, the sum of $8,500 thus received by him? We think so.

" Where the release contains no reservation it operates to discharge all the joint tort feasors; but where the instrument expressly reserves the right to pursue the others it is not technically a release but a covenant not to sue, and they are not discharged." (*Gilbert* v. *Finch*, 173 N. Y. 455, 466.) And " satisfaction by one joint tortfeasor has always been held to be available as a bar to an action against another. * * * This rule applies with equal reason to a partial satisfaction by one of the wrong-doers for the damages occasioned by the joint

wrongful act of both. Such evidence is proper in mitigation of damages ''. (*Knapp* v. *Roche,* 94 N. Y. 329, 334.) Upon the admission or stipulation of the attorney for claimant, Solomon Buss, it would appear that Buss has had partial satisfaction for his injuries reserving his right to pursue others.

Although we have found, as fact, that, as between each of the claimants above named and the State of New York, the State of New York alone is responsible, we may reasonably infer, upon this record, that the demand of claimant, Solomon Buss, upon claimant, Augustine J. Sagan, was predicated upon the common-law duty due him as a passenger by the latter as owner and operator of the automobile, a violation of which duty being a wrong of which the law takes cognizance.

There is only one tort or injury established by the record in the Solomon Buss claim, and he can have but one satisfaction. '' But when the plaintiff has accepted satisfaction in full for the injury done him, from whatever source it may come, he is so far affected in equity and good conscience, that the law will not permit him to recover again for the same damages. But it is not easy to see how he is so affected, until he has received full satisfaction, or that which the law must consider as such.'' (*Lovejoy* v. *Murray,* 3 Wall. [U. S.] 1, 17.) '' The rule of law which makes one satisfaction or release a bar to further claims for the same tort is founded in good reason. The plaintiff is estopped to say that he had no claim against the Water Works for the tort, but compelled them to buy their peace by the settlement of a claim that was groundless, and therefore malicious; for this would be an allegation of his own wrongful act. He is to be regarded as having prosecuted his claim against them in good faith, and they admitted its validity so far as to compromise it.'' (*Brown* v. *City of Cambridge,* 85 Mass. 474, 476.) And '' It does not lie in the mouth of such a plaintiff to say he had no cause of action against the one who paid him for his injuries, for the law presumes that the one who paid committed the trespass and occasioned the whole injury.'' (*Hubbard* v. *St. Louis & M. R. R. Co.,* 173 Mo. 249, 256.) The above-cited cases are cited with approval in *Casey* v. *Auburn Tel. Co.* (155 App. Div. 66).

When, if, and as claimant, Solomon Buss, is paid the amount awarded him herein, that amount together with the sum of $8,500 heretofore paid him as has been hereinbefore set forth, will give him full satisfaction for his injuries as we have evaluated them in our decision in his claim.

In our orderly consideration of the Solomon Buss claim, we have deemed it necessary to discuss the foregoing points, and we have considered their discussion to be more proper in a memorandum than in our decision in said claim bearing even date herewith although such points have not been specifically raised by either of the parties.