LE ROY E. RHODES, JR., Appellant, *v.* NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent.

County Court, Saratoga County, August 8, 1962.

*Carroll & Amyot (James F. Carroll* of counsel), for appellant. *Carusone & Carusone (George Toomey* of counsel), for respondent.

RICHARD J. SHERMAN, J. Plaintiff-appellant has appealed from an order of the City Court of Saratoga Springs, New York [VAN RENSSELAER, J.], and the judgment in favor of the defendant thereon dismissing the complaint herein, entered in the City Court of Saratoga Springs on September 30, 1961.

It is alleged that plaintiff was injured on November 25, 1958 while riding as a passenger in an automobile owned by one James Haviland, who was insured by the defendant under a policy which contained a so-called " family compensation plan ".

An action in negligence was started by the plaintiff in the Supreme Court of Saratoga against Robert Kenneth Askew, owner and operator of an automobile which struck Haviland's car from the rear. In this action Haviland was not named as a defendant.

It would appear that prior to June 1, 1959 the plaintiff settled his cause of action against Askew and delivered to Askew an ordinary general release containing no restrictions or reservations.

Plaintiff claims in his complaint that he became entitled to certain payments from the defendant under the " family compensation plan ". The defendant thereafter refused to pay under said coverage, since it relied upon the following provision in its contract with Haviland: " There shall be no liability under this coverage to anyone who has: * * * (2) Executed any other release of the liability of insured for such injury, sickness, disease or death."

The plaintiff then instituted the action in City Court to recover under the policy issued by the defendant, and in its answer the defendant set up the above-quoted provision, alleging that plaintiff's general release *without reservation* operated as a release of Haviland's liability so as to bar recovery under the " family compensation plan ".

The plaintiff then moved for summary judgment and the defendant relied upon its answer as a defense.

The learned City Judge found for the defendant and dismissed the complaint, stating that the release of Askew without reservation released the joint tort-feasor, Haviland.

The appellant claimed that under the so-called " family compensation plan " the plaintiff, by reason of lost time and medical bills, became entitled to receive $558.28 from the defendant and that this sum became due under the terms of the contract of insurance and did not depend upon proof or allegations of negligence on the part of Haviland.

Point I raised by the appellant states that the contract must be strictly construed against the defendant and that the release to Askew is not a release of the liability of Haviland, as contemplated by the contract of insurance. It is further stated in the memorandum of law submitted in behalf of the appellant that a printed or written contract prepared by a party will be construed strictly against that party and in favor of the party who did not prepare it.

The appellant cited numerous cases, including *Marcus* v. *United States Cas. Co.* (249 N .Y. 21) and several other cases.

The appellant further contends that the rule is peculiarly applicable to insurance policies, that of two admissible constructions, the one against the insurers should be preferred, since they dictated its form and are thus the author of its ambiguity. (*Imperial Shale Brick Co.* v. *Jewett,* 169 N. Y. 143.)

Here, the plaintiff proceeded against Askew in court. He did not proceed against Haviland. He gave Askew a release in tort. He did not give a release in tort to Haviland.

Appellant further contends that although it is granted that a general release to a tort-feasor releases all other tort-feasors, the defendant still cannot take advantage of the Askew release, and there is no proof, nor even any allegation, that defendant's insured is a joint tort-feasor.

The defendant-respondent contends that there is no ambiguity in the contract of insurance, and further contends that the release of Askew without reservation released Haviland.

The defendant cites the case of *Casey* v. *Auburn Tel. Co.* (155 App. Div. 66) as to the release of a joint tort-feasor. The case of *Kinsey* v. *Spencer & Son Corp.* (165 Misc. 143, affd. 281 N. Y. 601) is also cited in behalf of the defendant-respondent.

It was conceded by the attorneys that there is no particular case law upon this point. Certainly the action is not one in tort, nor is the question of joint tort-feasors involved. It would seem to this court that it is solely a question of contract. The only remaining question is whether or not the exclusion clause is against public policy. This court holds that it is not and it, therefore, affirms the judgment of the lower court.